## Tracy Kingman v. Carrie Kingman.

1. EQUITY PRACTICE—*Bills to Impeach Former Decrees.*—The fraud for which a former decree may be impeached, must be in respect to the jurisdiction of the court over the person of the defendant and the like.

2. SAME—*Bills of Review.*—A bill for review must proceed first upon error of law apparent on the face of the decree, or second, upon newly discovered evidence. In the latter case, leave must be obtained to file the bill, and the party asking it must pay the costs of the first case and perform the decree, unless to do so would extinguish some right.

In Equity.—Bill to impeach a decree. Error to the Circuit Court of Coles County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

H. J. HAMLIN, H. S. CLARK and J. F. HUGHES, attorneys for plaintiff in error.

JAMES W. CRAIG and CHARLES BENNETT, attorneys for defendant in error, contended that where the party knew every fact which he proposed to introduce as a defense, and permitted a decree *pro confesso* to go against him, he will not be allowed to file a bill of review, although the petitioner for leave alleges that at the time decree was rendered he was unable to call witnesses by whom he could prove such fact, and that since the rendition of such decree, he had dis-

covered the witnesses by whom he could make the proof. McDaniel v. James, 23 Ill. 408.

A petition must be presented to the court for leave to file a bill of review on question of fact. Livingston v. Hubbs, third Johnson's Chancery, 126; Ordinance No. 1, of Lord Bacon's Ordinances, Barton's Suit in Equity, page 193.

Where a bill is not sworn to and not accompanied by any sworn petition, the leave can not properly be granted to file a bill, and it should be dismissed. Sanford v. Haines, 71 Michigan 116.

A petition must be verified by affidavit. Livingston v. Hubbs, third Johnson's Chancery, 126; Ordinance No. 1 of Lord Bacon's Ordinances; Barton's Suit in Equity, page 193:

It must state that the new evidence has come to light after the decree, and could not possibly have been used at the time the decree passed. Livingston v. Hubbs, third Johnson's Chancery, 126, or as said in Ordinance No. 1 : " Upon new proof that is come to light after decree made, and could not possibly have been used at the time decree passed."

That the petitioner complied with the decree—that is, in this case, paid the costs. Kuttner v. Haines, 135 Ill. 385; Ordinance No. 3 of Lord Bacon's Ordinances; Barton's Suit in Equity, 193.

The bill should allege that leave was granted to file the same. Second Daniell's Chancery, 1578, or as said in Ordinance No. 1 : " A bill of review may be grounded by special license of the court and not otherwise." Barton's Suit in Equity, page 193.

Where leave to file has not been given, a motion to dismiss is the proper motion. Second Daniell's Chancery, 1579.

Where the costs have not been paid, a motion to dismiss is the proper motion. Kuttner v. Haines, 135 Ill. 385.

Where the bill does not set out a full and complete copy of the bill and answer, if one, and decree sought to be examined, the motion to dismiss is the proper motion. Kuttner v. Haines, 135 Ill. 385.

A bill to impeach decree for false evidence will not be entertained. Greene v. Greene, 2 Gray, 361.

Fraud which gives the court colorable jurisdiction over the defendant's person can be reviewed by the bill in the nature of a bill of review, but fraud in obtaining the decree by false evidence can not be impeached by a bill of review. Burton v. Perry, 146 Ill. 102.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This is a writ of error to reverse a decree dismissing a bill in chancery.

The scope of the bill was to impeach a decree of divorce because it was obtained upon false testimony.

The complainant was duly served as a defendant in the divorce case, but did not appear. A default was entered, evidence was heard, and a decree passed according to the prayer of the bill.

The allegation now made, that the testimony offered and upon which that decree was entered was false, is not sufficient to support the bill.

The fraud for which a former decree may be impeached must be in respect to the jurisdiction of the court over the person of defendant and the like, but there would be no end of litigation if a party were permitted to ignore a summons to appear as a defendant, suffer a default, and afterward file an original bill to impeach the decree on the ground that it was based upon false testimony.

It was his duty to appear and make his defense.

According to his own showing the decree would not have been rendered if he had used proper diligence and care to defend. Burton v. Perry, 146 Ill. 102; Greene v. Greene, 2 Gray 361.

The bill is not a bill for review. Such a bill must proceed upon, *first*, error of law apparent on the face of the decree, or, *second*, newly discovered evidence. In the latter case leave must be obtained to file the bill and the party asking it must pay the costs of the first case and perform the decree unless to do so would extinguish some right. Griggs v. Gear, 3 Gilm. 2.

Here it is not averred that there was error of law, or that there was newly discovered evidence.

A motion was made to dismiss the bill—upon the view, probably, that it was a bill of review—because it was filed without leave and did not show payment of costs, etc.

It appears that the court heard arguments as to the sufficiency of the bill, treating the motion as a demurrer, and, upon consideration, held the bill bad and dismissed it.

It is now urged that this practice was irregular and is ground for reversal.

As is to be inferred from the record, the course so adopted informally was not objected to, and was, no doubt, by consent, for the sake of time and convenience.

The bill was clearly bad and the decree dismissing it ought not to be reversed because of this mere informality.