# CHARLESTON.

## CHAPMAN *v.* CHAPMAN.

Submitted September 6, 1911.    Decided March 19, 1912.

1. DIVORCE—*Decree—Setting Aside.*

   A decree of divorce *a mensa* or *a vinculo,* based upon some ground authorized by sections 5 and 6, of chapter 64, Code 1906, alleged in the bill and supported by proof, pronounced after process duly served, and default of appearance by defendant, and which by section 8 of said chapter, cannot be upon bill taken for confessed, cannot at a subsequent term of the court be set aside upon motion by defendant pursuant to section 5, chapter 134, Code 1906. Such decree is final, and so far as based on the facts alleged and proven cannot be re-examined except upon appeal to this Court by the party claiming to be aggrieved thereby. (p. 524).

2. APPEAL AND ERROR—*Decree—Setting Aside.*

   Nor may such a decree be set aside after the term at which it was pronounced upon a petition or bill by defendant in the same court on the ground that the evidence on which the same was predicated is false or insufficient. (p. 526).

3. DIVORCE—*Decree.*

   By section 13, chapter 64, Code 1906, "When a divorce from bed and board has been decreed for abandonment, or desertion, or other cause, and two years shall have elapsed from the bringing of the suit wherein such decree is entered," and such decree has not been revoked, as therein provided, and there has been

no reconciliation, the injured party on his application to the court pronouncing the decree, alleging and showing such facts, "and the production of satisfactory evidence, taken in support of such application" is entitled to a decree of "divorce from the bonds of matrimony"; and the provision of said statute, giving the court authority, upon such application to read and consider the evidence in the cause taken and filed in the former hearing, will not justify the court on such application, in denying the appellant a decree of absolute divorce.   (p. 527).

Appeal from Circuit Court, Mason County.

Action by Frank A. Chapman against Mary A. Chapman. Decree for defendant, and plaintiff appeals.

*Reversed, and Decree for Plaintiff.*

*B. H. Blagg,* and *Somerville & Somerville,* for appellant.

*Rankin Wiley,* for appellee.

MILLER, JUDGE:

The original suit was by husband against wife for divorce from bed and board, on the ground of desertion.   Process was duly executed by personal service on defendant in Mason county, where she resided and where suit was brought, but she entered no appearance until after the term at which final decree of separation was on March 18, 1908, on bill and evidence duly taken upon notice likewise served, pronounced against her.

The decree of June 26, 1911, appealed from, among other things, on motion of defendant, made at a subsequent term, pursuant to section 5, chapter 134, Code 1906, sets aside and annuls the decree of March 18, 1908; and on the original bill, and the supplemental bill filed by plaintiff against defendant, pursuant to section 13, chapter 64, Code 1906, after two years from the date of the bringing of his original suit in which he obtained said decree of separation, and the answer of defendant to the said supplemental bill, with replication thereto, and deposition and proofs taken and filed in the cause, said decree also dismisses said original and suplemental bills, with costs to defendant in each case.

Two reasons are recited in the decree for the action of the court in the premises:    (1)    That plaintiff in his evidence

taken and filed on the original bill had failed to show the circumstances under which the alleged desertion and abandonment had taken place; (2)    that said evidence does not specifically and clearly prove abandonment by defendant.

The first question presented is, can a decree of divorce *a mensa* or *a vinculo*, based upon some ground authorized by sections 5 and 6, chapter 64, Code 1906, and pronounced after process duly executed by personal service upon and default of appearance by defendant, be set aside at a subsequent term on motion of defendant, under section 5, chapter 134, Code 1906? We hold that it cannot; that such decree is final, and so far as it is predicated on the facts alleged and supported by the evidence taken and filed in the cause, it can not be reheard or re-examined except on appeal to this Court by the party claiming to be aggrieved thereby.

Our statute, section 8, chapter 64, Code 1906, provides that: "Such suit shall be instituted and conducted as other suits in equity, except that the bill shall not be taken for confessed, and whether the defendant answer or not, the cause shall be heard independently of the admissions of either party, in the pleadings or otherwise." The jurisdiction given the court or judge thereof by said section 5, chapter 134, to reverse a decree "for any error for which an appellate court might reverse it," as provided thereby, is specifically limited to "a decree on bill taken for confessed." But as no decree for divorce can lawfully be predicated on a bill taken for confessed, we do not see how a decree based on bill, evidence taken and filed in the cause in support thereof, after notice and upon process personally served on defendant, can on mere motion at a subsequent term be reviewed and set aside.· If the statute did not deny the right to decree divorce on bill taken for confessed, then, because of said section 8, of chapter 64, we would hold, as courts in other states have held, that a decree on bill taken *pro confesso* and default of appearance by defendant, would be controlled by the statute applicable in other causes. 14 Cyc. 714. But our statute excepts divorce suits from the general rule authorizing decrees on bills taken for confessed, without further proof, and the provision of section 5, of chapter 134, relating to decrees on bills

taken for confessed, ought not, we think, be construed as apply-
ing to decrees in divorce cases.

This conclusion, we think, well founded in reason. The de-
cree we are dealing with here is a decree *a mensa*. In some
states courts are prevented from vacating decrees of divorce at a
subsequent term, because of the evil consequences likely to flow
from so doing. 2 Nelson on Divorce, 1008. Where this is the
law it has even been questioned whether courts can set aside
their decrees obtained by fraud. *Id.* 1009. But Chief Justice
Bigelow, in *Edson* v. *Edson,* 108 Mass. 590, 597, said, in reply
to that question, that it was "an established principle of juris-
prudence, that courts of justice have power, on due proceedings
had, to set aside or vacate their judgments and decrees, when-
ever it appears that an innocent party without notice has been
aggrieved by a judgment or decree obtained against him without
his knowledge, by the fraud of the other party. Nor is this
principle limited in its operation to courts which proceed ac-
cording to the course of the common law. It is equally appli-
cable to courts exercising jurisdiction in equity, and to tribunals
having cognizance of case which are usually heard and de-
termined in the ecclesiastical courts. In tribunals of the last
named description, whose decrees cannot be revised by writ of
error or review, the proper form of proceeding is by petition to
vacate the former decree as having been obtained by fraud upon
the party and imposition upon the court."

A decree of divorce *a mensa* is by section 12, chapter 64, of
the Code, a decree of perpetual separation; it operates upon the
after acquired property of the parties, and upon their personal
rights and legal capacities, the same as a decree *a vinculo,* ex-
cept that neither party is permitted to marry again during the
life of the other; and by section 11 of said chapter, such decree
may perhaps be made to operate upon property previously ac-
quired. *Chapman* v. *Parsons,* 66 W. Va. 307. Wherefore we
think, where defendant has been served with process, and an op-
portunity given for full and fair hearing, a decree of divorce
ought not to be regarded lightly and subject to be set aside on
mere motion at a subsequent term for cause which could have
been presented and litigated. 1 Black on Judgments, section
320 and notes; 2 Bishop on Mar. & Div., section 720.

The next question is, may such a decree be set aside after the term at which it was rendered upon petition or bill by defendant on the ground that the evidence on which it was predicated was false or insufficient? This was the only ground on which defendant relied in her bill filed against plaintiff to impeach the decree of March 18, 1908, and as we have seen is practically the same and only reason given by the court below in the decree appealed from for annulling that decree on defendant's motion. We hold that such decree cannot be impeached or annulled in that way. Under our statute the court in pronouncing such decree must necessarily find that the facts alleged constituting the grounds of divorce have been proven by the evidence, for nothing can be predicated on the bill as taken for confessed. Having so found, the court is without jurisdiction at a subsequent term to re-examine the evidence and on motion or bill set aside its decree for supposed error in its findings on the evidence. The case is then one of *res judicata,* and can not be again re-examined except by the appellate court. In *Watson* v. *Wigginton,* 28 W. Va. 533, Justice Anno. 947, this Court held that where the facts introduced into the cause on which the decree appealed from was based, were not treated by the court as facts taken for confessed and admitted, especially if defendant has appeared and opposed the entry of the decree based on those facts, such decree will not be regarded as a decree on a bill taken for confessed, though defendant has not pleaded or answered, and that the Court will entertain an appeal from it though no motion has been made in the court below to reverse or correct it. We think this rule applicable in divorce cases, where the statute forbids a decree on a bill taken for confessed. In 2 Nelson on Divorce and Separation, section 1051, it is said that "In all cases where a decree of divorce has been obtained by false or insufficient evidence, it will be vacated on the usual application and showing of the facts, as in other cases." No authority is cited for this particular proposition. Immediately following, in the same section, this writer says: "It is an open question whether fraud consisting of false and perjured testimony as to proof of the cause of action is sufficient cause for vacating the ordinary decree. The general rule in the case of ordinary judgments," says he, "is that the fraud for which a

judgment may be vacated in equity must be in the procurement of the judgment, in preventing a defense, or in a false showing of the jurisdictional facts. But fraud in the cause of action is not sufficient." He further says: "This rule has been applied to actions to impeach decrees for divorce." Such also seems to be the rule in Illinois, *Kingman* v. *Kingman,* 61 Ill. App. 134. In *Greene* v: *Greene,* 2 Gray 361, a leading case cited by this writer in the paragraph referred to holds that: "A decree of divorce from the bond of matrimony, although obtained by fraud and false testimony, cannot be set aside on an original libel, filed at a subsequent term." The Massachusetts court in that case says, page 364: "We take the rule to be, that a judgment of a court of competent jurisdiction, having jurisdiction of the subject and of the parties, by legal process duly served, when no appeal, writ of error, *certiorari,* review, or other legal process lies, for revising, affirming or reversing such judgment, or where no such process is commenced, by the party who would avoid the judgment, in the mode and within the time prescribed by law, is conclusive upon the same parties in any other proceeding at law, in equity, or before any other judicial tribunal." At page 363 this court also says: "If a new and original libel may be brought, upon the ground that a former decree was obtained by false evidence, we see nothing to prevent the husband from bringing a third suit to reverse the decree of reversal, on a suggestion and offer of proof that the decree of reversal was obtained by perjury, subornation of perjury and other fraud, and thus reverse the second decree, and reinstate the original decree of divorce *a vinculo.*" A mere difference of opinion as to the weight of the evidence will not justify reversal of a decree on a bill of review. *Tracey* v. *Sacket,* (Ohio) 59 Am. Dec. 610, and note page 615; *Wood* v. *Wood,* (Ark.) 43 Am. St. Rep. 42, notes 49; *Lucas* v. *Lucas,* 3 Gray 136. The rule is different of course when fraud has been practiced on the court in the procurement of the decree. Then a bill lies to impeach a decree of divorce for the fraud practiced as in other cases. 2 Nelson on Div., section 1052; 2 Black on Judgments, section 320.

Lastly, the question is, was plaintiff on his supplemental bill filed and proof taken therein, entitled to divorce from the bonds of matrimony? We are of opinion that he was, and that

the court below should have so decreed. In our opinion the proper construction of section 13, chapter 64, Code 1906, indeed its language substantially is, that "When a divorce from bed and board has been decreed for abandonment, or desertion, or other cause, and two years shall have elapsed from the bringing of the suit wherein such decree is entered" and such decree has not been revoked, as therein provided, and there has been no reconciliation, the injured party on his application to the court pronouncing such decree, alleging and showing such facts, "and the production of satisfactory evidence, taken in support of such application," is entitled to a decree of "divorce from the bonds of matrimony." True the statute says the court *"may* * * * * * decree a divorce from the bonds of matrimony;" but this cannot mean that it is within the discretion of the court to grant or deny the relief, regardless of the facts alleged and proven in the cause. The statute, we think, confers a substantial right on the injured party, which he is entitled to enforce when the conditions of the statute have been complied with by him. There the word *"may"* in that event, we think, means *"shall."* Generally the rule of construction of statutes is that when the rights of the public or of third persons are involved the word "may" should be construed "must" or "shall". See 5 Words and Phrases, 4420. At all events the discretion of the court, if any, is a sound judicial discretion, not an arbitrary one. 1 Bishop on Mar. & Div., section 1837; 1 Nelson on Div. & Sep. 388; *Duncan* v. *Duncan,* 69 W. Va. 626, 72 S. E. 742.

. In the case at bar, the supplemental bill distinctly alleged and it was fully proved that the suit in which plaintiff obtained the divorce *a mensa* was begun more than two years before the application for a divorce *a vinculo* was applied for; that the decree had not been appealed from, vacated or otherwise annulled, and that there had been no reconciliation. Allegation and proof of these facts entitled plaintiff as matter of right to the decree. They constitute statutory grounds on which plaintiff was entitled to the relief. The fact that the statute says the court on such application "may consider the evidence in the cause taken, and filed on the former hearing" does not imply that the court may reconsider its former decree, for we have decided that it cannot do so, but that this evidence may be considered in so

far as applicable to the issue presented by the application for a complete divorce.

We are persuaded that a wrong may have been done defendant by the original decree, but the fault was largely hers. She should have appeared and defended. The error of the court, however, if any, in pronouncing that decree is one which can not be corrected in the manner attempted, but only by appeal, and now it is too late to do that, and defendant must suffer the result of her own negligence. Litigation must end.

For these reasons we are of opinion that the decree below of June 26, 1911, must be wholly reversed, the decree of March 18, 1908, reinstated, the defendant's motion to reverse and vacate that decree overruled, her bill to impeach the same for fraud be dismissed at her costs, and that upon the supplemental bill of plaintiff and the issues and proofs taken therein, he be decreed a divorce from the bonds of matrimony in accordance with the statute so made and provided.

*Reversed and Decree for Plaintiff.*