# CHARLESTON.

ANNIE A. FINK *v.* H. H. FINK *et al.*

(No. 5810)

Submitted March 15, 1927.   Decided March 22, 1927.

DIVORCE—JUDGMENT—*Decree of Court Having Jurisdiction of Parties and Subject Matter Can Not be Questioned in Collateral Suit or Proceeding; Divorce a Mensa et Thoro Restoring Parties to Property Rights Can Not be Attacked by Wife Seeking Dower in Land of Former Husband (Code, c. 64, §§ 11, 12).*

A decree of a court having jurisdiction of the parties and the subject matter can not be subsequently brought into question in a collateral suit or proceeding involving the same subject matter.

(Divorce, 19 C. J. § 435 ; Judgments, 34 C. J. §§ 815, 856.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by Annie A. Fink against H. H. Fink and others, for the assignment of dower in the land of her deceased former husband, Charles H. Fink. From a decree of dismissal, plaintiff appeals.

*Affirmed.*

*Ellison & Ellison,* for appellant.
*H. W. Bowers,* for appellees.

MILLER, JUDGE:

This is a suit by plaintiff for assignment of dower in the real estate of which her late husband Charles H. Fink died siezed of an estate of inheritance.

The allegations of the bill are all sufficient to show her entitled to the relief prayed for.   Among other things, it is alleged that Charles H. Fink died testate and by his will undertook to dispose of his land to his two daughters, Effie T. and Pearl Eva Fink, defendants to the bill, without having made any provisions for her.

The defendants appeared and interposed a special plea in bar, in effect that the matters and things now sought to be put in issue had been fully and finally adjudicated in a prior suit for divorce brought by the same plaintiff against the said Charles H. Fink in his lifetime, and wherein on bill, answer, depositions and report of the divorce commissioner to whom the cause was referred, it was adjudged, ordered and decreed by the Circuit Court of Kanawha County, on December 10, 1921, not that the bonds of matrimony, as prayed for, be dissolved and the plaintiff decreed suit money and alimony, but that the parties be divorced from bed and board, and further that each be restored to his or her property rights as they existed before the marriage, and that each exercise all and every right severally in and to his or her separate properties and estates, free from curstesy or dower in and to the properties and estates of the other. And it was further adjudged, ordered and decreed that defendant pay the costs of the suit, but should not be held or required to pay alimony to plaintiff on or after December 1, 1921, the date of the report of the divorce commissioner.

The special plea in bar, which pleaded and exhibited therewith the bill, answer, replication, report of the divorce commissioner and the orders and decrees of the court in the divorce suit, was replied to generally. The plea alleged that the plaintiff therein had prayed that she be granted a divorce from the defendant therein, "and that the property rights belonging to the said plaintiff and said defendant might be determined by the court, and that said plaintiff might be decreed certain moneys, alimony and other rights in and to the property of said defendant C. H. Fink." It further alleged that the dower rights of the plaintiff, if any she had, existed at the time said suit was so instituted by her against said C. H. Fink, and that said court had jurisdiction of the parties and of their rights in said property.

As the present suit amounts to a collateral attack on the decree relied on as a bar to the present suit, the controlling question presented is, did the court by pleadings and subject matter have jurisdiction to deprive either of the parties of

dower or curtesy in the property of the other? As a bill for divorce a vinculo, based on alleged statutory grounds—desertion, adultery, etc.—the question of dower and curtesy, by sections 11 and 12 of chapter 64 of the Code, would have been subject to the adjudication of the court, but as all the relief prayed for was denied, and a decree a mensa et thoro only granted, did the court have jurisdiction to deprive the plaintiff of dower and the husband of curtesy?

On looking to the record of the divorce suit, exhibited with the plea, the bill, answer and decrees, there can be no question of the jurisdiction based on the pleadings. The defendant denied desertion and all the grounds of divorce alleged, and on the contrary charged desertion of him by the plaintiff; but the answer contained no prayer for affirmative relief against the plaintiff. The commissioner took testimony, which he says he returned with his report; but the evidence is not before us. His report negatives the statutory grounds of adultery alleged as a basis for a decree a vinculo. He reported that the character, conduct and habits of both parties appeared to be fairly good, and that he could find nothing derogatory to the conduct of either party, except that they could not live together; furthermore, that the parties were married in Ocober 1920, and lived together until July 1, 1921, when *plaintiff left defendant,* and that they had not since then lived and cohabited together; that in the opinion of the commissioner they were incompatible, and would never live together again; and under the circumstances he recommended that the court grant plaintiff a divorce from bed and board, and that each be reinstated to his and her property rights as they existed before the marriage. The decree does not show on its face the grounds on which it was predicated. . The evidence taken before the commissioner is not before us; and as the report of the divorce commissioner is only advisory, and the pleadings presented a case for the jurisdiction of the court, we must assume that the evidence presented a case warranting the decree, notwithstanding the facts reported by the commissioner may not have justified the decree in favor of the plaintiff. If the evidence justified the report that plaintiff

left defendant for unjustifiable reasons, as it may have done, and defendant had prayed for that relief in his answer, the decree affecting dower and curtesy might have been justified by the answer.

The decree of divorce was granted to plaintiff; she accepted its benefits—divorce a mensa et thoro, and discharge of her land from the curtesy of her husband— and took no appeal. Shall she now be heard to complain collaterally of that decree after nearly four years have elapsed and the defendant has died? Of course, if the decree was void for lack of jurisdiction, she might perhaps do so; but the court was not without jurisdiction of the parties and the subject matter, though upon principles announced in the decisions relied on, it may have exceeded its jurisdiction or abused its descretion respecting dower and curtesy. *Hartigan* v. *Hartigan,* 65 W. Va. 471; *Chapman* v. *Chapman,* 70 W. Va. 522; *Norman* v. *Norman,* 88 W. Va. 640; *Gum* v. *Gum,* 122 Va. 32; *Barnes* v. *American Fertilizer Company,* 144 Va. 692. But as on the pleadings and proof, the decree may have been, and we assume was in fact, within the jurisdiction of the court, it can not be now subjected to collateral attack. Want of such jurisdiction must appear on the face of the judgment or decree. *Cox* v. *Thomas,* 9 Gratt. 323; *Hall* v. *Hall,* 12 W. Va. 1; *Wandling* v. *Straw & Morton,* 25 W. Va. 692; *Smith* v. *Johnson,* 44 W. Va. 278; *C. & O. Ry. Co.* v. *McDonald,* 65 W. Va. 201.

Our conclusion is that the decree below dismissing plaintiff's bill must be affirmed.

*Affirmed.*