## 18705

Donna WOLD, Respondent, v. Louis G. FUNDERBURG, Myrtis P. Funderburg, Marty Allen Crawford Funderburg, a minor under the age of 14 years, Melody Ann Crawford Funderburg, a minor under the age of 14 years, and John Allen Crawford, Appellants.

(157 S. E. (2d) 180)

*Messrs. Harris, Chance & McCracken* and *Kenneth R. Chance,* of North Augusta, *for Appellants,*

*Frank H. Cormany, Sr., Esq.,* of Aiken, *for Respondent,*

September 25, 1967.

LITTLEJOHN, Justice.

In July, 1964, Louis G. Funderburg and Myrtis P. Funderburg, husband and wife, procured from the Superior Court of Richmond County, Georgia, a decree of adoption of Marty Allen Crawford Funderburg and Melody Ann Crawford Funderburg, who are the natural children

of Donna Wold and of her divorced husband, John Allen Crawford. The record in this proceeding includes the apparent consenting signatures of both parents as required by the Georgia adoption statutes.

Thereafter, Donna Wold brought an action in the same Georgia court against the adopting parents only, to invalidate the adoption decree on the sole ground that she had not consented to the adoption. The action was tried before a jury and resulted unfavorably to her; the jury on March 23, 1966, found that she had in fact signed the adoption papers and consented thereto.

This action was brought in April, 1966, in the Juvenile and Domestic Relations Court of Aiken County by Donna Wold, the respondent, against the adopting parents, the minor children—all of whom have now moved to Aiken County, South Carolina—and against John Allen Crawford, her former husband, asking the court to grant to her custody of the minor children, and asking the court to set aside the Georgia decree of adoption on the ground (1) that she did not consent or, if she consented, her consenting signature for the adoption was procured by fraud, and on the ground (2) that the signature of the natural father, John Allen Crawford, was forged and he never signed the consent of adoption as is required by the law of Georgia.

The adopting parents interposed a general denial, alleged that both the plaintiff and her former husband consented in writing to the adoption, and alleged that this suit is barred by reason of the suit this plaintiff brought and lost in the Superior Court of Richmond County, Georgia, referred to above. The answer alleges that the unfavorable verdict in that action constitutes a complete bar by way of *res judicata.*

The natural father, John Allen Crawford, filed an answer to the complaint alleging that the decree of adoption in Georgia was obtained fraudulently in that his name and consent were forged in that proceeding. He asked that the

adoption decree be declared void and asked that the natural mother be granted exclusive custody of the minor children.

The issues were submitted to the Honorable Howard K. Williamson, Judge of the Juvenile and Domestic Relations Court of Aiken County, who, after receiving the evidence, rendered his judgment, finding that the father's signature was forged and he was never made a party to the suit, granting to the plaintiff custody of the two said minor children and declaring the Georgia decree of adoption null and void and restoring the relationship of parents and children. The Funderburgs, who are the father and step-mother of the plaintiff, Donna Wold, appealed to this court from such decree, raising two questions as set forth in appellant's brief as follows:

"Did the Juvenile and Domestic Relations Court of Aiken County, South Carolina, have jurisdiction of the subject matter of this action? (Exceptions I and II.)

"Was the plaintiff barred in the present action by the former judgment of the Georgia Court under the principle of *res judicata* and estoppel? (Exceptions III and IV.)"

The findings of fact and the conclusions of law of the trial judge as relate to the merits of the case are not challenged in this appeal and we are only concerned with the two strictly legal questions set forth above.

## QUESTION I

The Juvenile and Domestic Relations Court of Aiken County was created in 1965 by an act of the General Assembly, No. 441, which gives to that court the same authority as possessed by the circuit courts in actions involving child custody and adoptions:

"SECTION 27. *Jurisdiction—further.*— In addition to the jurisdictions and powers conferred on the court by this act, it shall have and exercise the jurisdiction and power conferred on the family court division of a juvenile and domestic relations court as set forth in Sections 15-1221 to 15-1276 of the 1962 Code. The court shall also have jurisdiction over adoption proceedings * * *."

Section 15-1222 of the 1962 Code of Laws, in the chapter and article relating to family courts, provides as follows:

*"Certain jurisdiction concurrent with circuit court; procedure and appeals.*—The court shall have all the power, authority and jurisdiction vested in the circuit courts of the State in actions for separation, divorce from bed and board and custody and adoption of children and may hear and determine the validity of any marriage when its validity or invalidity shall be relevant and material to the consideraation and decision of any case properly before it. Such jurisdiction shall be concurrent with that of the circuit courts. * * *."

The Superior Court of Richmond County, Georgia, is a court of general jurisdiction.

It is the contention of appellants that the Aiken Court must give full faith and credit to the Georgia decree of adoption. It is argued by the appellants that only a court of general equity jurisdiction would have authority to grant the relief sought.

The Aiken Court does not have general equity jurisdiction, but does have equity jurisdiction as relates to custody and adoption cases, and this jurisdiction is concurrent with the circuit court.

Here we have two courts: the Superior Court of Richmond County, Georgia, and the Juvenile and Domestic Relations Court of Aiken County, both authorized by constitution and/or statute to deal with the same subject matter —to wit, the custody and/or adoption of children; and though the courts are obviously not equal in other areas of litigation, they are equal as relates to the trial of child custody and adoption cases, and the Legislature, by Section 15-1222, has given to the Juvenile and Domestic Relations Court of Aiken County "* * * all the power, authority and jurisdiction vested in the circuit courts of the State in actions for * * * custody and adoption of children * * *." It cannot be questioned but that the Circuit Court of Aiken County would have jurisdiction over all issues involved.

The basic purpose of this action is to procure the custody of the plaintiff's two minor children. In order to determine whether the plaintiff is entitled to such relief, it became as an incident thereto necessary for the court to decide whether the Georgia decree of adoption is entitled to full faith and credit.

This action involves, of course, a collateral attack on the Georgia decree and depends upon evidence and proof outside the record. The Georgia court judgment roll would appear to be regular on its face, but it is alleged by the defendant husband, and proven to the satisfaction of the trial judge, that the adopting court had no jurisdiction of the father of the children and that his signature was, in fact, forged. The relief granted by the trial judge was based on this ground and was not granted on the basis of the mother's contention that the Georgia court had no jurisdiction over her and that her signature was not genuine or, if genuine, had been fraudulently procured.

Normally, a judgment regular on its face may not be collaterally attacked, but this rule does not apply where extrinsic fraud has been practiced to procure the judgment. It is difficult to imagine a more blatant fraud than the forging of a parent's name in a court proceeding in an effort to divest a parent of the control of children and in order to procure the adoption of them.

"A judgment obtained by fraud may, however, be void under some circumstances, and subject to collateral attack, as where such fraud appears on the face of the record or goes to the method of acquiring jurisdiction. Likewise, *the judgment may be attacked collaterally where fraud has been practiced in the very act of obtaining the judgment,* or on the party against whom the judgment was rendered, so as to prevent him from having a fair opportunity to present his case, * * *." (Emphasis added.) 49 C. J. S. Judgments § 434 Fraud, Collusion, or Perjury, p. 859.

"Judgments and decrees of courts having jurisdiction of parties and of the subject-matter cannot be collaterally at-

tacked, however erroneous, unless procured through fraud or collusion. *Barnes v. American Fertilizer Co.,* 144 Va. 692, 130 S. E. 902; *Fink v. Fink,* 103 Va. 423, 137 S. E. 703; *Scott v. Newell,* 146 S. C. 385, 144 S. E. 82, 89 (7-10)." *Piedmont Press Ass'n v. Record Pub. Co. et al.,* 156 S. C. 43, 152 S. E. 721.

The adopting parents and adopted children have moved from the State of Georgia and are residents of Aiken, South Carolina. The trial judge found that the natural father was not before the Georgia court, that it had no jurisdiction, and that his signature was forged. He correctly refused to give full faith and credit to the judgment and decree procured. Since the Aiken Court had jurisdiction of both the subject matter and of the parties, it had authority to adjudicate all issues raised.

## QUESTION II

The Georgia proceeding to void the adoption was brought by Donna Wold, as plaintiff, against Louis G. Funderburg and Myrtis P. Funderburg only and was based solely on her contention that she did not sign and consent to the adoption papers and proceedings. In that case the jury found that "* * * the signatures of Donna Irene Crawford (are) in fact the signatures of Donna Irene Crawford who has now remarried and whose present name is Donna Irene Wold."

The present action was brought by Donna Wold against Louis G. Funderburg, Myrtis P. Funderburg, Marty Allen Crawford Funderburg, a minor under the age of 14 years, Melody Ann Crawford Funderburg, a minor under the age of 14 years, and John Allen Crawford. The basis of relief requested in this action is, first, it is alleged that she (Donna Wold) did not knowingly or consciously sign her name to the said consent of the adoption or, if her consenting signature appears on the adoption papers, same was procured by fraud; and, secondly, it is alleged that the natural father, John Allen Crawford, never signed the consent for adoption and if his name appears on the consenting papers, the name was forged.

In determining if the plea of the appealing defendants ■ of *res judicata* should be sustained, we apply the rule well established in this state which requires proof of three basic elements: (a) identity of parties; (b) identity of the subject matter; and (c) adjudication in the former suit. A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.

The parties here are not the same and the natural father is entitled to his day in court. The fact that he did not appear at the hearing (after filing an answer) would not prevent his being entitled to relief. He is not in default. More important still, the question of his forged signature was not before the Georgia court.

The children were not parties to the plaintiff's action brought in Georgia. They certainly have an interest in whether the Georgia decree shall be given full faith and credit, and the mother's action in Georgia cannot prejudice their right to be heard in this action.

Under the circumstances, plaintiff would not be ■ estopped to bring this action. We therefore hold that the issues raised in this suit, upon which the relief was granted, are not *res judicata* and the trial judge correctly so held.

Let the order of the lower court be

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.