21758

Jack B. KOEBBERLING, Respondent, v.
Betty T. KOEBBERLING, Appellant.
(293 S. E. (2d) 857)

*John S. Hoar*, Sumter, *for appellant.*

*Jan L. Warner*, Sumter, *for respondent.*

July 19, 1982.

GREGORY, Justice:

Respondent Jack B. Koebberling was granted a divorce from appellant Betty T. Koebberling. Appellant asserts a prior divorce granted to her by a Texas court is entitled to full faith and credit and precludes the South Carolina court from granting respondent a divorce. We agree and reverse.

Appellant instituted divorce proceedings in Texas in March 1977. Respondent unsuccessfully contested the jurisdiction of the Texas court. Respondent thereafter answered and filed a cross-petititon for divorce in the Texas proceedings. Due to irreconcilable differences between respondent and his Texas counsel, respondent's Texas counsel withdrew his representation in October 1977. Respondent did not thereafter secure new Texas counsel. Respondent claims he heard nothing from the Texas court after this date, and concedes he made no inquiry concerning the proceedings.

Disregarding the Texas proceedings, respondent instituted divorce proceedings in North Carolina in March 1978. The North Carolina court dismissed the action in July 1978, concluding it did not have jurisdiction because respondent was neither a resident nor a domiciliary of North Carolina.

Respondent, again ignoring the Texas proceedings, then brought this action for divorce in South Carolina in October 1978. Appellant answered his petition, setting up the Texas divorce, and attached a copy of the Texas decree granting appellant a divorce from respondent in August 1978. Respondent claims he received no notice of the August 22, 1978 Texas hearing on the merits, thus, the Texas decree is not entitled to full faith and credit.

Appellant did not plead Texas law in her answer. At the hearing she requested the trial court to take judicial notice of Texas law. This request was denied. Appellant then requested and received permission to amend her pleadings to provide therefor. Appellant, however, did not amend her pleadings, thus, we shall apply South Carolina law.

"... The requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister state where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree."

*Kahn v. Kahn,* 213 S. C. 369, 49 S. E. (2d) 570, (1948) [quoting *Sherrer v. Sherrer,* 334 U. S. 343, 68 S. Ct. 1087, 92 L. Ed. 1429 (1948)].

"Judgments and decrees of courts having jurisdiction of parties and of the subject-matter cannot be collaterally attacked, however erroneous, unless procured through fraud or collusion." (citations omitted.)

*Wold v. Funderburg,* 250 S. C. 205, 157 S. E. (2d) 180, 183 (1967) [quoting *Piedmont Press Ass'n. v. Record Pub. Co.,* 156 S. C. 43, 152 S. E. 721 (1930)].

The Texas court held an evidentiary hearing on respondent's special appearance contesting jurisdiction. Respondent fully participated by and through his counsel. The Texas court determined it had jurisdiction over respondent based on its findings that respondent claimed Texas residency in order to pay in-state tuition for his daughter attending the University of Texas; that he had voted in the 1976 Texas general election; that he was registered to vote in Texas; that he maintained a bank account in Texas; and that he had a Texas driver's license. The record further reflects that respondent thereafter answered and filed a cross-petition for divorce. Furthermore, respondent admitted at the hearing in South Carolina that he was a resident of Texas in 1976 and nothing happened to change his residency before institution of the Texas proceedings.

There can be no dispute that the Texas court had jurisdiction over the parties and the subject matter. Yet, the South Carolina court found the Texas decree was subject to collateral attack because the final decree was fraudulently obtained in that respondent did not receive notice of the hearing on the merits.

The notice of the Texas court dated June 29, 1978, setting the hearing on the merits reflects copies thereof were forwarded to both respondent and his North Carolina counsel. Respondent says he does not recall receiving this notice and claims it is irrelevant whether his North Carolina counsel received the notice. A mere assertion that one cannot recall whether or not he received notice of the hearing is not sufficient to establish the other party fraudu-

lently procured a divorce, one not entitled to full faith and credit. We emphasize that respondent, who did not retain new Texas counsel after earlier Texas counsel withdrew, conveniently made no inquiry of the Texas court as to the progress of the proceedings — proceedings in which he had participated and also requested affirmative relief. South Carolina counsel candidly acknowledged he made no inquiry either. For the above reasons, we conclude the Texas decree is entitled to full faith and credit.

Because of our disposition of this matter, we need not address the appellant's other exceptions.

Accordingly, the order of the family court is reversed and the case remanded with directions to dismiss the petition.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.