22308

Linda Marie EICHMAN, Respondent, v. Guy Alan EICHMAN, Appellant.

(329 S. E. (2d) 764)

Supreme Court

*Nancy D. Hawk*, Charleston, *for appellant.*

*Mark O. Andrews,* of *Rosen, Oberman & Rosen,* Charleston, *for respondent.*

Heard March 26, 1985.

Decided May 2, 1985.

LITTLEJOHN, Chief Justice:

In this Family Court action, the judge held that the defendant-appellant, Guy Alan Eichman, was barred under the doctrines of *res judicata* and collateral estoppel from asserting that he was not the father of a six-year-old child, Dave Stephen Eichman, born to his wife plaintiff-respondent, Linda Marie Eichman. We agree with the Family Court Judge and affirm.

The issue was decided as a judgment based on the pleadings. There was before the Court (1) the Complaint, (2) an Answer and Counterclaim, (3) a Reply to the Counterclaim and (4) an Order of the Family Court issued October 8, 1979.

The wife and husband were married in November 1976, several months after the birth of the child. They separated in 1979. In that same year, the husband filed an action in the same Family Court resulting in an Order of October 8, 1979, which determined custody, support and visitation rights relating to this child. The Court held:

> I also find that a healthy child has been born of the marriage, namely Dave Stephen Eichman, and that the Petitioner is a healthy and intelligent father and is capable of earning a sufficient income to support himself and the minor child of the parties ...

The Order further provided that the husband/father should pay $200 per month as support for the minor child and spelled out visitation rights for the father after granting custody to the mother.

The Complaint in this action seeks a divorce and asks that the husband be held in contempt for failure to pay child support. The Answer admits that the husband "... has made regular payments to [wife] since the 15th October 1979 [sic] except for a brief period of unemployment in 1981. He has sent a monthly payment each month since November, 1981, representing his good faith effort to abide by the Court Order of October 8, 1979." The husband's Answer and Counterclaim proceeds to allege that he "... is informed and believes he could not be the father of the child and prays the Court will order the necessary tests to determine if it is possible for him to be the father."

The Court held in the 1979 Order that both the husband and wife were fit and proper parents but granted custody to the wife. That Order was not appealed and it is patent from the Order that the husband raised no issue relative to paternity.

The wife relies on the authority of various jurisdictions which holds that a husband will be estopped from denying paternity when a previous proceeding results in an order which makes a finding *or implication* of paternity. *See* Annotation, "Paternity Findings as *Res Judicata*," 78 A. L. R. (3d) 846 (1977).

In the case *Wold v. Funderburg*, 250 S. C. 205, 157 S. E. (2d) 180 (1967), this Court set out the elements of *res judicata.* We said:

> In determining if the plea of the appealing defendants of *res judicata* should be sustained, we apply the rule well established in this state which requires proof of three basic elements: (a) identity of parties; (b) identity of the subject matter; and (c) adjudication in the former suit. *A litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.* (Emphasis added.)

There can be no question but that these same parties were previously before the court relative to the same subject matter and that an adjudication was made. Certainly the husband could have raised the same issue in the former action. Having failed to do so, he is, therefore, now barred by the doctrines of *res judicata* and collateral estoppel. The argument that he did not raise the issue because he hoped to preserve the marriage is patently without merit.

Affirmed.

NESS and CHANDLER, JJ., concur.

GREGORY and HARWELL, JJ., dissent.

GREGORY, Justice (dissenting):

I respectfully dissent. *Res judicata* does not bar appellant from seeking a paternity determination. The October 1979

action did not raise the issue of paternity, and was not required to do so.

Compelling is the fact that, in recent years, scientific advances have allowed greater accuracy in paternity testing. *See Little v. Streater*, 452 U. S. 1, 101 S. Ct. 2202, 68 L. Ed. (2d) 627 (1981); *Matter of M.D.H.*, 437 N.E. (2d) 119 (Ind. App. 1982). Considering the due process implications of a paternity finding, *see Little v. Streater*, 452 U. S. at 13, 101 S. Ct. at 2209, I would not make such a finding without utilizing the most reliable and objective evidence available.

This child was born prior to the marriage, and there is evidence that respondent admitted appellant was not the father. Utilization of the doctrine of *res judicata* in this situation would undermine the public policy favoring reconciliation, and could allow respondent to commit a fraud upon the court.[1]

Therefore, I would reverse and remand, directing the lower court to order paternity testing.

HARWELL, J., concurs.

---

[1] *See Arnold v. Arnold*, 328 S. E. (2d) 924 (S. C. App. 1985).