**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tom Efland, Appellant,

v.

Randy L. Mills and Richland County, Respondents.

Appellate Case No. 2017-001130

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-245
Submitted May 1, 2019 – Filed July 3, 2019

———————

**AFFIRMED**

———————

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Taylor Law Firm, P.A., of West Columbia, for Appellant.

Desa Ballard and Harvey M. Watson, III, both of Ballard & Watson, Attorneys at Law, of West Columbia, for Respondent Randy Mills.

Mitchell Willoughby, of Willoughby & Hoefer, PA, of Columbia, for Respondent Richland County.

———————

**PER CURIAM:** Tom Efland appeals an order granting Randy Mills's motion for judgment on the pleadings involving a piece of real property in Richland County. On appeal, Efland argues the circuit court erred because (1) the motion for judgment on the pleadings should have been limited to the face of the complaint, (2) collateral estoppel and res judicata do not apply, and (3) the law of the case doctrine does not apply. We affirm.[1]

1. The circuit court did not err in granting Mills's motion for judgment on the pleadings because issue and claim preclusion barred Efland's lawsuit and the previous arbitration award and documentation were attached to Mills's 2016 answer and counterclaims. *See Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 500 (Ct. App. 2001) ("Upon review [of a motion for judgment on the pleadings], the appellate tribunal applies the same standard of review that was implemented by the [circuit] court."); Rule 12(c), SCRCP ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."); Rule 10(c), SCRCP ("A copy of any plat, photograph, diagram, document, or other paper which is an exhibit to a pleading is a part thereof for all purposes if a copy is attached to such pleading."); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 216, 493 S.E.2d 826, 834 (1997) ("The term res judicata encompasses two types of preclusion: claim preclusion and issue preclusion."); *id.* at 216, 493 S.E.2d at 834-35 ("Issue preclusion and claim preclusion have historically been called collateral estoppel and bar or merger respectively." (quoting *Pedrina v. Chun*, 906 F. Supp. 1377, 1399 n.8 (D. Haw. 1995))); *id.* at 216, 493 S.E.2d at 835 ("Issue preclusion only bars relitigation of particular issues actually litigated and decided in the prior suit." (quoting *Pedrina*, 906 F. Supp. at 1399)); *id.* ("Claim preclusion . . . bars plaintiffs from pursuing successive suits where the claim was litigated or could have been litigated." (omission by court) (quoting *Pedrina*, 906 F. Supp. at 1399)); *Carolina Renewal, Inc. v. S.C. Dep't of Transp.,* 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009) ("The party asserting [issue preclusion] must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment."); *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250-51, 452 S.E.2d 832, 833 (1994) ("[Claim preclusion] is shown if (1) the identities of the parties [are] the same as a prior litigation; (2) the subject matter is the same as the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction."); *Gregory v. Gregory*, 292 S.C. 587, 590, 358 S.E.2d 144, 146 (Ct. App. 1987) (affirming the trial court's grant of a motion for judgment on the

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

pleadings when the defendant asserted that res judicata barred the plaintiff "from raising any issues which were adjudicated in the former suit and *any issues which might have been raised in the former suit*").

2.  The circuit court did not err in finding Judge DeAndrea Benjamin's order was the law of the case.  Efland did not appeal Judge Benjamin's order, so to the extent his arguments can be construed as challenging her order, it is not properly before this court.  *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

**AFFIRMED.**

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**