23324

In the Matter of Mildred Walker Parris PATRICK. Ex parte Murray G. PATRICK, Respondent v. Carrol A. PARRIS and Perry Glen Parris, Personal Representatives of the Estate of Mildred Walker Parris Patrick, Appellants.

(402 S.E. (2d) 664)

Supreme Court

---

*Shirrese E. Brown,* of *David and Schwartz,* Charleston, and *James H. Lengel,* of *Holler, Dennis, Olive, Merry, Lengel & Garner,* Columbia, *for appellants.*

*Patrick F. Stringer,* of *Peeples & Stringer,* Charleston, *for respondent.*

Heard Dec. 13, 1990.

Decided Feb. 4, 1991.

TOAL, Justice:

The decedent, Mildred Walker Parris Patrick, died testate on January 15, 1988. In her will, executed November 1, 1984, Mildred devised $1.00 to her husband Murray Patrick and devised all residue to her children. Murray claimed his elective

share pursuant to S.C. Code Ann. § 62-2-201. On appeal, Mildred's children challenge Murray's ability to claim the elective share and argue that the elective share provision is unconstitutional. We do not agree and therefore affirm.

## DISCUSSION

1. *Surviving Spouse*

Section 62-2-201 provides that the surviving spouse has a right of election to take an elective share of one-third of the decedent's probate estate. The children argue that Murray is not entitled to the elective share as he was not the legal spouse of Mildred because the divorce decree from his second marriage was not finalized until after his marriage ceremony with Mildred. We disagree.

The final hearing for the divorce of Murray's second marriage was held on April 30, 1971 and the divorce decree was signed by the judge and filed with the family court on the same day. The order, however, was not forwarded to the Court of Common Pleas from which jurisdiction had been transferred until May 10, 1971.

This situation may be distinguished from decisions such as *Case v. Case*, 243 S.C. 447, 134 S.E. (2d) 394 (1964). The decision in *Case* stands for the proposition that a complaining party may rescind or withdraw a request for a divorce even after a hearing has been held and an oral decree has been rendered. Once the order is signed by the judge and is filed with the court, the decision may not be changed and therefore is final. We find that Murray's divorce was final on April 30, 1971, when the order was signed by the judge and filed with the Family Court. Accordingly, we find that Murray was the legal spouse of Mildred and therefore entitled to the elective share.

2. *Waiver of Elective Share*

Section 62-2-204 provides in pertinent part:

The right of election . . . may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver signed by the party waiving after fair disclosure. Unless it provides to the contrary, *a waiver of all rights in the property* or estate of a present

or prospective spouse or a complete property settlement *entered into after or in anticipation of separation or divorce is a waiver of all rights to elective share. . . .* (emphasis added).

Mildred and Murray separated between October 1983 and October 1984. During this separation, Murray conveyed to Mildred his one-half interest in their Goose Creek home thereby giving her 100% ownership of the home. For this interest, Mildred paid Murray $8,000 and executed a promissory note in the amount of $3,000. Murray allegedly gave the $8,000 back to Mildred after they reconciled. In addition, Murray wrote Mildred a letter while they were separated and indicated that he would sign everything over to her if she would take him back.

The children contend that these two acts constituted a waiver by Murray of the elective share. We disagree. There is nothing in the record to indicate that Murray knew he was waiving his right to the elective share. Furthermore, the elective share provision was not in existence when Murray wrote the letter in 1984 and the parties reconciled after the alleged waiver occurred.

Based upon these facts, we find that these acts did not constitute a waiver of Murray's elective share.

### 3. *Intent of Testator*

The children contend that the trial court failed to uphold Mildred's intent as evidenced by her will.

Section 62-1-100(4) provides that "an act done before July 1, 1987, is any proceeding and any accrued right is not impaired by this code." Section 62-1-102 provides that the code shall be liberally construed and applied to promote its underlying purposes and policies which includes discovering and making effective the intent of a decedent in the distribution of his property. § 62-1-102(b)(2).

The children argue that Mildred had accrued the right to dispose of her property as she wished. They also contend that Mildred made her intent clear and that it should be upheld. We disagree.

The provisions concerning the elective share do not provide for the testator's intent of the contrary. Furthermore, § 62-1-

100(1) provides that the provisions of the code apply to any wills of decedents dying after July 1, 1987. Therefore, we find that the elective share provision may not be ignored by a testator and affirm the trial court's ruling.

### 4. *Constitutionality of § 62-2-201*

The children contend that the elective share provision is unconstitutional on the grounds that it violates Article XVII, Section 9 of the South Carolina Constitution which provides:

> The real and personal property of a woman held at the time of her marriage, or that which she may thereafter acquire, either by gift, grant, inheritance, devise or otherwise, shall be her separate property, and she shall have all the rights incident to the same to which an unmarried woman or a man is entitled. She shall have the power to contract and be contracted with in the same manner as if she were unmarried.

The children argue that married women are treated differently from unmarried women under the elective share provision because unmarried women can dispose of their property however they wish and therefore the statutory provision violates the constitutional provision.

Insofar as the children argue that the elective share provision violates this section of the South Carolina Constitution, they are correct. Article XVII, Section 9 provides married women with the same rights as unmarried women over the disposition of their property and the elective share provision restricts the rights of married women.

A state constitutional provision, however, may not violate the United States Constitution. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination based upon gender. The state constitutional provision as applied here would provide married women the same rights as single men and women but would allow the rights of married men to be restricted. Clearly, this application of the provision would violate the Equal Protection Clause and therefore is not permissible.

The elective share provision, however, is applicable to married men and married women. Men and women are treated equally under this provision. The classification of married per-

sons is reasonably related to the legislative purpose of providing for the surviving spouses. Thus, the requirements of equal protection are satisfied under this statute and therefore the elective share provision is valid under the United States Constitution. *Ex Parte Estate of Evans v. Lynch*, 299 S.C. 366, 384 S.E. (2d) 748 (1989), *cert. denied Lynch v. Fleming,* — U.S. —, 110 S. Ct. 1137, 107 L. Ed. (2d) 1042 (1990).

For the reasons discussed above, the lower court is AFFIRMED.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.