**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of the Estate of John Joseph Manning, Jr.

Deanna Bushman, as Holder of Durable Power of Attorney for Sally Manning and as Trustee of the Trust Agreement of Sally Manning Dated December 6, 2004, Respondent,

v.

The Estate of John J. Manning, Jr.; John J. Manning, III; Christopher Manning; and Linda Manning, Appellants.

Appellate Case No. 2017-002019

_____

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

_____

Unpublished Opinion No. 2019-UP-390
Submitted October 1, 2019 – Filed December 18, 2019

_____

**AFFIRMED**

_____

Robert Bruce Wallace and Stephen Peterson Groves, Sr., both of Nexsen Pruet, LLC, of Charleston, for Appellants.

James Ashley Twombley, of Twenge & Twombley, LLC, of Beaufort, for Respondent.

**PER CURIAM:** In this dispute involving a trust, John J. Manning, III, Christopher Manning, Linda Manning, and the Estate of John J. Manning, Jr. (Appellants) appeal from the trial court's order granting partial summary judgment to Deanna Bushman, as holder of durable power of attorney for Sally Manning and as trustee of the trust agreement for Sally Manning (Sally). Appellants argue the trial court erred in (1) not finding John J. Manning, Jr.'s (Jack[1]) trust agreement created a valid support trust for Sally; (2) relying on an attorney's affidavit; and (3) determining the support trust was without any value. We affirm.

## FACTS

Jack and Sally were married on October 15, 1997. After they married, Sally was diagnosed with Alzheimer's disease, and by December 2010, Sally was living at a center with full-time care. Sally was still married to Jack at his death on September 4, 2014.

Jack's Last Will and Testament, signed September 2, 2009, provided: "I expressly make no provision in this Will for my wife, SALLY A. MANNING as she has been provided for by other means." Jack set up a revocable trust agreement, which he amended three times. The Third Amendment and Restatement of Jack's Revocable Trust, dated July 26, 2012, stated: "I hereby expressly make no provision in this Trust Agreement for my spouse, SALLY A. MANNING." However, the next sentence provided:

> Notwithstanding the above, in the event any portion of the Trust Estate shall be deemed payable to or for the benefit of my spouse, such amount shall be held, administered and distributed as a separate share for the benefit of my spouse as provided in this Paragraph (C) of ARTICLE 4. In such event, JOHN J. MANNING, III and CHRISTOPHER H. MANNING, or the survivor of them, shall serve as trustee of such separate share.
>
> (1)     The trustee shall pay to, or for the benefit of, my spouse, during her lifetime, so much of the income of the separate share, if any, established in this Paragraph (C) as

---

[1] The parties referred to him as Jack.

the trustee shall, from time to time, determine to be necessary for the health and support of my spouse, in accordance with the standard of living to which she has become accustomed, including medical, surgical, hospital or other institutional care, due regard being given by the trustee to the amount of income known to the trustee to be available to my spouse from other sources.

(2)     Upon the death of my spouse, the principal and all accrued and undistributed income, if any, of such separate share shall be added to and become a part of the Manning Family Share to be held, administered and distributed as provided in ARTICLE 5.

Pursuant to Jack's Will, when he died, nothing passed to Sally. The trust described in Jack's Revocable Trust Agreement was never funded and nothing has been paid to Sally from John's estate or any related trust.

On behalf of Sally, Bushman made a claim for an elective share in April 2015 pursuant to South Carolina Code section 62-2-201(a), which provides the surviving spouse of a decedent has a right to take an elective share of one-third of the decedent's probate estate. S.C. Code Ann. § 62-2-201(a) (Supp. 2019). The action was subsequently removed to the court of common pleas. Bushman filed an amended complaint in the circuit court against Appellants on December 21, 2015, asserting claims for breach of fiduciary duty, conversion, constructive trust, undue influence and duress, removal of the current trustees, injunctive relief, an accounting, and a petition and request for the elective share. Appellants filed an answer on February 24, 2016, asserting counterclaims for conversion and constructive trust. On March 15, 2016, Bushman asserted affirmative defenses in her reply to Appellants' counterclaims. Appellants filed a motion for summary judgment on March 9, 2017. On April 10, 2017, Bushman also filed a motion for partial summary judgment as to the issue of the elective share. A hearing on the motions was held on July 11, 2017. The issue in both motions was whether Sally was entitled to take an elective share of one-third of Jack's estate, or if the contingent and discretionary trust described in Jack's estate planning documents was sufficient to satisfy Sally's elective share.

The trial court granted Bushman's motion for partial summary judgment on September 8, 2017, which did not fully resolve the case. Appellants filed a motion

to reconsider, which was denied by the court in a Form 4 order on September 19, 2017.  This appeal follows.

## STANDARD OF REVIEW

"This court reviews the grant of a summary judgment motion under the same standard applied by the trial court under Rule 56(c), SCRCP." *Team IA, Inc. v. Lucas*, 395 S.C. 237, 244, 717 S.E.2d 103, 106 (Ct. App. 2011).  Rule 56(c), SCRCP, provides the court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  "In ascertaining whether any triable issue of fact exists, the evidence and all inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the non-moving party." *Team IA, Inc.*, 395 S.C. at 244, 717 S.E.2d at 106.

## LAW/ANALYSIS

Appellants argue the trial court erred in not finding Jack's trust agreement created a valid support trust for Sally.  We disagree.

"Generally, orders granting partial summary judgment may be immediately appealable under either the 'involving the merits' or 'substantial right' categories of section 14-3-330(1) and (2)(c) [of the South Carolina Code]." *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 306, 705 S.E.2d 475, 480 (Ct. App. 2011).  "To decide whether a particular summary judgment order fits into either subsection, however, the [appellate] court must examine the order to determine if it meets the subsection's criteria for appealability." *Id*.  An order granting partial summary judgment involves the merits of a case when it finally determines a substantial matter forming the whole or a part of some cause of action or defense. *Id*.

The trial court found Sally was entitled to take an elective share of one-third of Jack's estate, and the contingent and discretionary trust described in Jack's estate planning documents did not satisfy the elective share under South Carolina law.  Because this finally determines the issue of elective share, we find this issue is immediately appealable.

South Carolina Code section 62-2-201(a) provides:  "If a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one-third of the decedent's probate estate."  S.C. Code Ann. § 62-2-201(a)

(Supp. 2019).  In Appellants' motion for summary judgment, they stated "there is no dispute as to [Sally's] entitlement to an elective share of [John's] estate pursuant to S.C. Code Ann. § 62-2-201, et seq. or that [Sally] (through her agent, [Bushman]) timely filed an election for the elective share."  Appellants also stated they "do not dispute that the assets held in the trust at [Jack's] death are to be included in the probate estate for purposes of determining the elective share amount."  They asserted the "sole issue for determination is 'how' the elective share amount is to be distributed, i.e., in trust as per the terms of the July 26, 2012 Amended and Restated Trust or outright to [Sally]."  Appellants argued they were entitled to summary judgment because the assets in Jack's trust are subject to the terms of Jack's trust and are not required to be distributed outright to Sally in satisfaction of any portion of the elective share amount.

In her motion for partial summary judgment as to the elective share, Bushman argued:

> The decedent's probate estate includes the property that passes under the decedent's will or by intestacy (reduced by funeral and administration expenses and enforceable claims) as well as the property contained in the decedent's revocable inter vivos trust(s).  S.C. Code Ann. § 62-2-202; *see also* 32 S.C. Jur. *Wills* § 205.
>
> The South Carolina Code also lists what assets may be charged against the elective share.  Under S.C. Code Ann. § 62-2-206, any amounts that pass to the surviving spouse under the decedent's will, by intestacy, by any homestead allowance, or by S.C. Code Ann. § 62-2-401 are charged against the elective share.  South Carolina Code Ann. § 62-2-207 specifies which probate and non-probate transfers are to be charged against the elective share.  The elective share has "the legislative purpose of providing for the surviving spouses." *Matter of Patrick*, 303 S.C. 559, 564, 402 S.E.2d 664, 666 (1991).
>
> Because the elective share is designed to provide for the surviving spouse, the subjective intent of the decedent cannot and does not override the elective share.  As the South Carolina Supreme Court stated, "[t]he provisions concerning the elective share do not provide for the

testator's intent to the contrary. . . . Therefore, **we find that the elective share provision may not be ignored by a testator** and affirm the trial court's ruling." *Id*. at 562-63, 402 S.E.2d at 666 (emphasis added). The elective share is mandatory, and a surviving spouse can take an elective share of the decedent's probate estate, even if the decedent intended to provide the surviving spouse with less. 32 S.C. Jur. *Wills* § 201.

Nothing passed to Sally at Jack's death because Jack expressly provided that "no provision" be made for Sally in his will or trust. No transfers have been made to Sally pursuant to South Carolina Code section 62-2-207 (Supp. 2019). Additionally, no person or court has determined Sally is entitled to the Discretionary Limited Use Trust, and Sally has never received any payments from any such trust.

Bushman asserted:

> Since nothing passed to Sally at Jack's death, the Court should end its analysis here and allow Sally 'to take' one-third of Jack's Estate as her elective share. . . . Sally has the right to take an elective share of one-third of Jack's probate estate as set forth in S.C. Code Ann. § 62-2-20l(a). The Court is not required to examine the Discretionary Limited Use Trust because it did not pass to Sally upon Jack's death. Nothing passed to Sally, and therefore, the Discretionary Limited Use Trust is irrelevant. If the Court agrees, it is not necessary for the Court to address any of the additional arguments below.

Appellants argue gifts made to a surviving spouse in a revocable inter vivos trust count towards the elective share, which is correct; however, Jack did not pass anything to Sally in an inter vivos trust. Thus, the issue on appeal from summary judgment does not have anything to do with an inter vivos trust. Bushman argues Jack tried to get around the elective share by attempting to outright disinherit Sally and then attempted to tie Sally's benefits from the elective share to her need for the benefits. Sally's right to claim an elective share is not contingent on her need.

Viewing the evidence in the light most favorable to Appellants, we find nothing passed to Sally at Jack's death via his will or trust, pursuant to section 62-2-207, or

the Discretionary Limited Use Trust.  Therefore, we find the trial court correctly found Sally was entitled to take an elective share of one-third of Jack's estate, and the contingent and discretionary support trust described in Jack's estate planning documents did not meet the statutory standards for satisfying the elective share. Thus, summary judgment on that issue for Bushman was proper.

Because this issue is dispositive of the appeal, we decline to address the remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

**CONCLUSION**

Accordingly, the decision of the trial court is

**AFFIRMED.**[2]

**SHORT, THOMAS, and GEATHERS, JJ., concur.**

---

[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.