**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Deborah T. Weeks, Appellant,

v.

David W. Weeks, Respondent.

In Re: Estate of James Randall Weeks, Jr.

Appellate Case No. 2021-001253

<hr>

Appeal From Aiken County
Courtney Clyburn Pope, Circuit Court Judge

<hr>

Unpublished Opinion No. 2023-UP-151
Submitted March 1, 2023 – Filed April 12, 2023

<hr>

**REVERSED AND REMANDED**

<hr>

Leon Edward Green, of Leon E. Green, PC, of Aiken, for Appellant.

Clarke W. McCants, III, of Nance & McCants, of Aiken, for Respondent.

<hr>

**PER CURIAM:** Deborah Weeks appeals the circuit court's order affirming the probate court's order distribution of the estate of James Randall Weeks, Jr. (the Estate). On appeal, Weeks argues the circuit court erred by affirming the probate

court's order (1) disallowing her elective share of the Estate when she was the spouse of James Randall Weeks, Jr. (the Decedent); (2) applying the family law statute of equitable apportionment of marital property to exclude real estate from the Estate; (3) using a 2011 real estate appraisal in contradiction to section 62-3-706(A) of the South Carolina Code (2022); (4) applying a forty-percent marketability or minority discount to the value of real property in the Estate; and (5) finding that a temporary family court order terminated her marital rights. We reverse and remand.

1. We hold the circuit court erred by affirming the probate court's disallowance of Weeks's elective share of the Estate because there was no final order terminating the parties' marriage and there was no evidence that Weeks knew she was waiving her right to the elective share. Therefore, we reverse as to this issue and remand to the probate court for a calculation of Weeks's elective share. *See In re Est. of Hyman*, 362 S.C. 20, 25, 606 S.E.2d 205, 207 (Ct. App. 2004) ("The standard of review applicable to cases originating in the probate court is controlled by whether the underlying cause of action is at law or in equity."); *Neely v. Thomasson*, 365 S.C. 345, 349-50, 618 S.E.2d 884, 886 (2005) ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."); *id.* at 350, 618 S.E.2d at 886 ("Questions of law, however, may be decided with no particular deference to the lower court."); S.C. Code Ann. § 62-2-201(a) (2022) ("If a married person domiciled in this State dies, the surviving spouse has a right of election to take an elective share of one-third of the decedent's probate estate . . . ."); *Terry v. Terry*, 400 S.C. 453, 456-57, 734 S.E.2d 646, 648 (2012) ("Such orders are, by definition, temporary—they neither decide any issue with finality nor affect a substantial right . . . ."); S.C. Code Ann. § 62-2-204(a)-(b) (2022) ("The rights of a surviving spouse to an elective share . . . may be waived, wholly or partially, before or after marriage, by a written contract, agreement, or waiver voluntarily signed by the waiving party after fair and reasonable disclosures . . . . Unless it provides to the contrary, a waiver of all rights in the property or estate of a present or prospective spouse or a complete property settlement entered into after or in anticipation of separation or divorce is a waiver of all rights to elective share, homestead allowance, and exempt property by each spouse in the property of the other and a disclaimer by each of all benefits which would otherwise pass to him from the other by intestate succession or by virtue of the provisions of a will executed before the waiver or property settlement."); *Matter of Patrick*, 303 S.C. 559, 562, 402 S.E.2d 664, 665 (1991) (finding section 62-2-204 inapplicable because "[t]here is nothing in the record to indicate that [the spouse] knew he was waiving his right to the elective share").

2. We hold the circuit court erred by affirming the probate court's application of the family law statute of equitable apportionment of marital property to exclude Decedent's partial interest in real property from the Estate. Therefore, we reverse and remand as to this issue. On remand, the probate court should include Decedent's partial interest in the real property in the Estate when calculating Weeks's elective share. *See* S.C. Code Ann. § 62-2-202(a) (2022) ("[P]robate estate means the decedent's property passing under the decedent's will plus the decedent's property passing by intestacy, reduced by funeral and administration expenses and enforceable claims.").

3. We hold that evidence does not support the circuit court's affirmation of the probate court's utilization of a 2011 real estate appraisal of property in the Estate when valuing the property. Therefore, we reverse and remand for the probate court to consider the value of the property at the time of Decedent's death. *See Neely*, 365 S.C. at 349-50, 618 S.E.2d at 886 ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them."); S.C. Code Ann. § 62-3-706(A)(1) (2022) (explaining that within ninety days after his or her appointment, a personal representative shall "prepare an inventory and appraisement of probate property owned by the decedent at the time of his death, listing it with reasonable detail, and indicating as to each listed item, its fair market value as of the date of the decedent's death, and the type and amount of any encumbrance that may exist with reference to any item").

4. We hold that evidence does not support the circuit court's affirmation of the probate court's application of a forty-percent marketability or minority discount because there is no evidence in the record to support the discount. Therefore, we reverse and remand as to this issue. We remand to the probate court to hear evidence on the appropriate discount. *See Neely*, 365 S.C. at 349-50, 618 S.E.2d at 886 ("When a probate court proceeding is an action at law, the circuit court and the appellate court may not disturb the probate court's findings of fact unless a review of the record discloses there is no evidence to support them.").

5. Because our resolution of issue one is dispositive of this issue, we decline to rule on issue five on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**REVERSED AND REMANDED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.