0633

P. J. CONSTRUCTION CO., INC., Respondent v. Wilbert ROLLER, Jr., and Betty V. Roller, Appellants, and P. J. CONSTRUCTION CO., INC., Respondent, v. Edgar C. WIGGINS, Jr., Appellant.

(340 S. E. (2d) 564)

Court of Appeals

*Curtis L. Coltrane* of *Herring & Meyer,* Hilton Head Island, *for appellants.*

*Russell Brown,* Charleston, *for respondent.*

Heard Dec. 17, 1985.

Decided Feb. 13, 1986.

CURETON, Judge:

Appellants Wilbert Roller, Jr., Betty V. Roller and Edgar C. Wiggins, Jr. were the defendants in separate, virtually identical mechanic's lien foreclosure actions commenced by respondent P. J. Construction Co. These actions have been consolidated for trial and for appeal. The trial judge denied the Rollers' and Wiggins' separate motions for summary judgment and granted P. J. Construction's motions to strike the Rollers' and Wiggins' defenses of *res judicata* and waiver. We affirm and remand for trial.

An order striking a portion of a pleading is immediately appealable. *See Harbert v. Atlanta & Charlotte Air Line Railway,* 74 S. C. 13, 16, 53 S. E. 1001, 1002 (1906). The sole issue on appeal is whether the trial judge abused his discretion in striking the defenses of *res judicata* and waiver.

In 1980, P. J. Construction brought two actions for foreclosure of mechanic's liens. The Rollers and Wiggins answered the complaints and asserted counterclaims for breach of contract and negligence. Prior to trial, P. J. Construction moved to strike the counterclaims on the ground that the mechanic's liens foreclosure proceedings were *in rem* actions in which *in personam* counterclaims could not be asserted. The trial judge granted the motion.

During trial at the close of P. J. Construction's case, the Rollers and Wiggins moved for an involuntary nonsuit based on P. J. Construction's failure to plead and prove that *lis pendens* had been filed as required by Section 29-5-120, 1976 Code of Laws of South Carolina, as amended. After P. J. Construction stipulated that no *lis pendens* had been filed, the trial judge dismissed the mechanic's lien actions with prejudice and issued two orders which provide in part:

> [N]othing in this Order shall be interpreted as indicating that a decision has been reached as to the right of plaintiff to bring another action on the same set of facts and circumstances, since that question was not appropriately before the Court within the confines of this action.

The record does not reflect that any party appealed from these orders.

Thereafter, P. J. Construction instituted these breach of contract actions. The Rollers and Wiggins answered, alleging the affirmative defenses of *res judicata,* waiver and laches and asserting counterclaims for breach of contract. Their waiver argument is that by bringing the mechanic's lien foreclosure actions, P. J. Construction elected that remedy, thereby waiving its right to seek recovery on any other theory available at that time. Their *res judicata* argument is based upon the belief that the orders granting the involuntary nonsuits in the mechanic's lien actions bar the maintenance of another action between the same parties seeking the same damages.

Thereafter, P. J. Construction moved to strike the Rollers' and Wiggins' *res judicata* and waiver defenses. The trial judge granted the motions. His rulings were correct.

## I.
### Res Judicata

The doctrine of *res judicata* requires "proof of three basic elements: (a) identity of parties; (b) identity of the subject matter; and (c) adjudication in the former suit." *Eichman v. Eichman,* 285 S. C. 378, 329 S. E. (2d) 764, 766 (1985). Under this doctrine "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Id.* The doctrine of *res judicata* bars relitigation of the same cause of action. *Liberty Mutual Insurance Co. v. Employers Insurance of Wausau,* 284 S. C. 234, 237, 325 S. E. (2d) 566, 568 (Ct. App. 1985).

> Here, no valid *res judicata* defense can be raised because the first actions between the parties concerned foreclosure of mechanic's liens while the actions here raise breach of contract claims which could not have been raised in the mechanic's lien foreclosure actions.

## II.
### Waiver

> The Rollers' and Wiggins' argument is threefold: one, P. J. Construction knew or should have known that the mechanic's lien actions would fail because of the

failure to file *lis pendens*;[1] two, P. J. Construction knew that it could have changed the mechanic's lien actions into contract actions;[2] and three, P. J. Construction's failure to convert the first actions constitutes a waiver of the right to advance its claims under contract causes of action. We disagree. "Waiver is defined as an intentional relinquishment of a known right." *Lawrimore v. American Health & Life Insurance Co.*, 276 S. C. 112, 114, 276 S. E. (2d) 296, 297 (1981). While there is evidence in the record to the effect that P. J. Construction knew it was possible to proceed under a contract theory, with permission of the court, there is no evidence that it intentionally relinquished its right to proceed against the Rollers and Wiggins on this theory.

The Rollers and Wiggins also argue that P. J. Construction gained a benefit by bringing the mechanic's lien foreclosure actions before bringing the breach of contract actions. They further argue that they suffered a substantial detriment. We disagree. The election of one remedy will not prevent a matter from being litigated on another theory "unless the suit upon the remedy first invoked shall reach the state of final adjudication, * * * or unless by the invocation of the remedy first sought to be enforced, the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other." *Jones v. South Carolina Power Co.*, 198 S. C. 380, 387, 18 S. E. (2d) 336, 339 (1941).

The Rollers and Wiggins have not demonstrated that P. J. Construction received any benefit from initiating four actions involving two theories to adjudicate its claims. They claim a "substantial detriment" in being "forced to trial in 1980 without the full benefit of all claims that they were entitled to assert." We see no such detriment. Their motions for involuntary nonsuit were granted prior to the presentation of their cases.

The Rollers and Wiggins also claim that they have suffered a detriment by defending "a multiplicity of suits on the same facts." We disagree. If the prior suit

---

[1] *See Multiplex Building Corp. v. Lyles*, 268 S. C. 577, 235 S. E. (2d) 133 (1977) (failure to file notice of pendency of action to foreclose mechanic's lien required dismissal of action).

[2] *See Arnet Lewis Construction Co. v. Smith-Williams & Associates*, 269 S. C. 143, 236 S. E. (2d) 742 (1977) (sufficient allegations of claim for money remained after matter concerning mechanic's lien was disregarded).

resulted in a final adjudication of the issues involved here, we might hold otherwise. However, "[a]n order of involuntary nonsuit is not a final determination of the case on its merits." *Jones*, 198 S. C. at 387, 18 S. E. (2d) at 339.

Affirmed and remanded.

SANDERS, C. J., and GARDNER, J., concur.