705 S.E.2d 475

**Brian E. THORNTON and Catherine S. Thornton, on behalf of themselves and all others similarly situated, Appellants/Respondents,**

**v.**

**SOUTH CAROLINA ELECTRIC & GAS CORPORATION (SCE & G), a subsidiary of SCANA Corporation, Respondent/Appellant.**

**No. 4780.**

Court of Appeals of South Carolina.

Heard Sept. 15, 2010.

Decided Jan. 19, 2011.

---

**3.** We decide this case without oral argument pursuant to Rule 215, SCACR.

298

A. Camden Lewis and Peter D. Protopapas, both of Columbia; and William P. Walker, of Lexington; for Appellants/Respondents.

Sarah P. Spruill, of Columbia, for Respondent/Appellant.

FEW, C.J.

Brian and Catherine Thornton brought this lawsuit as a class action for negligence, strict liability, and nuisance arising out of blasting activities conducted by South Carolina Electric and Gas Corporation (SCE & G) at the Lake Murray dam. SCE & G made a motion titled "Motion for Summary Judgment and to Strike Class Action Allegations." In substance, the motion sought three rulings relevant to this appeal. First, in what it labeled "motion to strike," SCE & G claimed "Plaintiffs cannot establish the requisite elements required for this case to be certified as a class action under Rule 23, SCRCP." Second, SCE & G moved for summary judgment based on the statute of limitations. Third, SCE & G argued the South Carolina Mining Act[1] does not create a private cause of action. The Thorntons appeal the circuit court's ruling in favor of SCE & G on the first and third points, and SCE & G cross-appeals the denial of summary judgment as to the statute of limitations. We dismiss the appeal because the order is not immediately appealable.

I. Appealability

■ An interlocutory order not governed by a specialized appealability statute is not immediately appealable unless it fits into one of the categories listed in section 14–3–330 of the South Carolina Code (1976 & Supp.2009). *Ex Parte Capital U–Drive–It, Inc.*, 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006). The Thorntons contend the portion of the order dealing with class action allegations is appealable under section 14–3–330(2)(c) because it affects a substantial right by striking a pleading. They contend the portion of the order granting summary judgment that no private right of action exists under the Mining Act is also appealable under section 14–3–330(2)(c), and under section 14–3–330(1) because it involves the merits. We disagree. Under the circumstances of this case, neither portion of the order is immediately appealable. The portion of the order denying SCE & G's motion for summary judgment

---

1. S.C.Code Ann. §§ 48–20–10 to –310 (2008 & Supp.2010).

on the statute of limitations is not appealable under any circumstance.

### A. Order Granting a Motion to Strike Class Action Allegations

The Thorntons' complaint defined the class to include: "All residents of Lexington County, South Carolina who suffered property damage as a result of the construction and blasting of the Lake Murray dam expansion project." After discovery, SCE & G filed its motion addressing the class action allegations. Though the motion was filed under Rule 12, SCRCP,[2] and was captioned as a motion "to strike class action allegations," the motion actually raised the merits of class certification. The motion states: "Plaintiffs cannot establish the requisite elements required for this case to be certified as a class action under Rule 23, SCRCP." The applicable heading of SCE & G's memorandum in support of its motion states: "Plaintiffs cannot satisfy the elements to proceed as a class action under Rule 23(a), SCRCP," and the text of the memorandum addresses the merits of class certification under the rule. The Thorntons noted in their responsive memorandum that "Defendants' Motion reads more as a Memorandum in opposition to class certification," and proceeded to address the merits of the criteria for class certification. The order also addressed the merits of class certification:

> Defendants raise the argument that Plaintiffs fail to satisfy the elements set out in Rule 23(a), [SCRCP]. The court has determined that the defenses of the representative party are not typical of the defenses of the class. As indicated in the records, each member has unique damages which will require unique defenses. Accordingly, Defendants' Motion to Strike Class Action Allegations is granted.

We believe the Thorntons' contention that this portion of the order is immediately appealable because it affects a substantial right by striking a pleading mistakenly equates an order granting a Rule 12(f) motion to strike with an order that is appealable under section 14–3–330(2)(c). We do not believe

---

2. Rule 12(f), SCRCP, provides in part: "**Motion to Strike.** Upon motion pointing out the defects complained of, ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

the two are necessarily the same. In particular, we find the use of the word "strike" in both Rule 12(f) and section 14–3–330(2)(c) does not mean that an order granting a Rule 12(f) motion is automatically immediately appealable.[3]

In *P.J. Construction Co., Inc. v. Roller*, 287 S.C. 632, 340 S.E.2d 564 (Ct.App.1986), this court heard an appeal from an order striking two defenses from the answer. Before proceeding to the merits of the appeal, the court stated: "An order striking a portion of a pleading is immediately appealable." 287 S.C. at 633, 340 S.E.2d at 565 (citing *Harbert*, 74 S.C. at 16, 53 S.E. at 1002).[4] Other than that general statement, however, no South Carolina appellate court facing an appeal from an order *granting* a motion to strike has defined what constitutes an order affecting a substantial right by striking a pleading under section 14–3–330(2)(c).[5] Generally, section 14–3–330(2) has "been narrowly construed and immediate appeal

---

**3.** The word "strike" in § 14–3–330(2)(c) and Rule 12(f) has different origins. In section 14–3–330(2)(c), the word "strike" comes from its code pleading predecessor enacted in 1870. S.C. Acts Part I., tit. I., sec. 11, Gen. Assemb., Reg. Sess. (S.C.1869–70). That section, which has not changed since 1902, includes the phrase "strikes out an answer or any part thereof, or any pleading in any action." *Harbert v. Atlanta & Charlotte Air Line Ry. Co.*, 74 S.C. 13, 16, 53 S.E. 1001, 1001–02 (1906). On the other hand, a motion to strike pursuant to Rule 12(f), SCRCP, originated in the federal rules of civil procedure decades after and without any reference to the use of the word "strike" in section 14–3–330(2)(c). *See* Rule 86, SCRCP ("These rules shall take effect on July 1, 1985.").

**4.** The lower court's order in *Roller* apparently was not entered pursuant to Rule 12(f), as this court's opinion does not mention the rule, and the appeal was heard on December 17, 1985, less than six months after the effective date of the Rules of Civil Procedure. 287 S.C. at 632, 340 S.E.2d at 564.

**5.** In several cases, our courts have discussed the immediate appealability of orders denying motions to strike. *See, e.g., Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 529 S.E.2d 11 (2000); *Bowden v. Powell*, 194 S.C. 482, 10 S.E.2d 8 (1940); *Miles v. Charleston Light & Water Co.*, 87 S.C. 254, 69 S.E. 292 (1910). We have been able to find only one other decision addressing, under section 14–3–330(2)(c), the immediate appealability of an interlocutory order *granting* a motion: *Murphy v. Owens–Corning Fiberglas Corp.*, 346 S.C. 37, 550 S.E.2d 589 (Ct.App.2001), *overruled on other grounds by Farmer v. Monsanto Corp.*, 353 S.C. 553, 556–57, 579 S.E.2d 325, 327 (2003). We discuss each of these cases below.

of various orders issued before or during trial generally has not been allowed." *Hagood v. Sommerville*, 362 S.C. 191, 196, 607 S.E.2d 707, 709 (2005). We believe a narrow construction of section 14–3–330(2)(c) requires us to focus on the effect of the order, not the label given to the motion or to the order granting it.[6]

We find support for this view in several opinions of our supreme court. In *Miles v. Charleston Light & Water Co.*, 87 S.C. 254, 69 S.E. 292 (1910), the supreme court considered the defendant's appeal from an interlocutory order denying its motion to make the plaintiff's complaint more definite and certain. 87 S.C. at 255–56, 69 S.E. at 293. After noting that such an order was not immediately appealable, the court heard the appeal anyway because "appeal has also been taken from the order upon the [defendant's] demurrer, which *in effect* strikes out a portion of the complaint," making it appealable under the predecessor to section 14–3–330(2)(c). 87 S.C. at 257, 69 S.E. at 293 (emphasis added). In *Bowden v. Powell*, 194 S.C. 482, 10 S.E.2d 8 (1940), the supreme court considered a post-judgment appeal from a pretrial order denying a motion to strike allegations in a complaint. 194 S.C. at 484, 10 S.E.2d at 9. In holding the order was not appealable, the court quoted *Harbert* to draw a distinction between the order before the court and an order granting a motion to strike a pleading, which the court noted is appealable:

> If the circuit court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleading, and on appeal from the final judgment this court could not say

---

6. Our courts have previously looked beyond the labels on motions and orders to discern their actual effect for purposes of appealability. *See, e.g., Wetzel v. Woodside Dev. Ltd. P'ship*, 364 S.C. 589, 592, 615 S.E.2d 437, 438 (2005) (holding on unique facts that an order granting a motion to set aside default was immediately appealable because it had "the effect of … granting a motion to dismiss under Rule 12(b)(5), SCRCP, since it ends the action as to [one party]"); *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 114–15, 682 S.E.2d 871, 874 (Ct.App.2009) (analyzing a "motion to strike" which actually challenges a theory of recovery as a motion to dismiss under 12(b)(6) rather than as a motion to strike).

there was error of law in confining the evidence and charge to the pleadings.

*Id.* (quoting *Harbert,* 74 S.C. at 16, 53 S.E. at 1002); *see also Caldwell v. McCaw,* 141 S.C. 86, 91, 139 S.E. 174, 175 (1927).

 Under the reasoning of *Miles* and *Bowden,* an appellate court should look to the effect of an interlocutory order to determine its appealability under section 14–3–330(2)(c). An order affects a substantial right by striking a pleading if the order removes a material issue from the case, thereby preventing the issue from being litigated on the merits, and preventing the party from seeking to correct any errors in the order during or after trial.[7] Whether an order granting a Rule 12(f) motion to strike is appealable under section 14–3–330(2)(c) depends on the effect of the individual order under the facts and circumstances of the case. Here, rather than asking the court to remove an issue from the case, SCE & G's motion to strike actually raised the merits of class certification.[8] Rather than preventing the Thorntons from litigating the issue, the order had the effect of denying class certification on the merits. "The general rule established by [the supreme c]ourt is that class certification orders are not immediately appealable." *Salmonsen v. CGD, Inc.,* 377 S.C. 442, 448, 661 S.E.2d 81, 85 (2008) (citing *Eldridge v. City of Greenwood,* 308 S.C. 125, 127, 417 S.E.2d 532, 534 (1992)). We find this order is not immediately appealable because its effect was not to strike a pleading, as its label suggests, but

---

7. Our holding is also supported by the supreme court's decision in *Breland,* 339 S.C. at 93, 529 S.E.2d at 13. In *Breland,* the court ruled that an order denying a motion to change venue was not immediately appealable under section 14–3–330(2)(c), stating: "Immediate appeals under subsection (2) have been allowed in situations where the substantial right could not be vindicated on appeal after the case." 339 S.C. at 93, 529 S.E.2d at 13. The court held that "[t]he trial court's order did not 'affect' the Defendant's right to venue in the county of its residence because any error in the order can be corrected on appeal following the trial." *Id.*

8. Although the question of whether a class action should be certified is typically raised by the plaintiff in a motion for class certification, either party may prompt the court to make this determination. Rule 23(d), SCRCP ("As soon as practicable, after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained.").

rather to deny class certification on the merits of Rule 23(a), SCRCP.[9] On remand, the order shall be treated as an order denying class certification which, under Rule 23(d)(1), "may be altered or amended before the decision on the merits." *See Salmonsen*, 377 S.C. at 454, 661 S.E.2d at 88 ("[C]lass certification may be altered at any time prior to a decision on the merits.").

■ The decision we reach in this case is consistent with a recent opinion of the supreme court on an interlocutory appeal from an order granting a motion to strike class allegations: *Grazia v. South Carolina State Plastering, LLC*, 390 S.C. 562, 703 S.E.2d 197 (2010) (Shearouse Adv. Sh. No. 40 at 13). In *Grazia*, the plaintiffs' claim for defective stucco work fell under The Notice and Opportunity to Cure Construction Dwelling Defect Act,[10] which *"requires* the claimant to serve written notice no later than ninety days before filing the action." *Id.* at 19 (emphasis in original). Neither the Grazias nor any member of the class complied with the notice provision before filing. *Id.* at 15. Even after the Grazias personally complied with the notice requirement, the trial court granted the defendants' motion to strike class allegations based on its conclusion as a matter of law that the Act is incompatible with class action procedure. *Id.* at 15, 18. Although the supreme court did not discuss the appealability of the order, it was immediately appealable.[11] By ruling as a matter of law that no class action could be filed under the Right to Cure Act, the lower court order had the effect of removing the issue of class certification from the case and preventing the Grazias from litigating the issue on the merits of Rule 23, SCRCP.

---

9. In *Murphy*, this court looked to the effect of an interlocutory order to determine its appealability under section 14–3–330(2)(c). 346 S.C. at 44–45, 550 S.E.2d at 593. Though the order granting the Rule 12(b)(1), SCRCP, motion was not a final order, the court found it immediately appealable because it had "the practical effect ... that it strikes out the Murphys' complaint with respect to [some but not all defendants]." 346 S.C. at 44, 550 S.E.2d at 593.

10. S.C.Code Ann. §§ 40–59–810 to –860 (Supp.2009).

11. "The fact that an appellate court may have decided an appeal of a particular type of order on the merits is not dispositive of whether the order is appealable when the issue of appealability was not raised." *Breland*, 339 S.C. at 95, 529 S.E.2d at 14.

## B. Order Granting Summary Judgment
## Under the Mining Act

▇▇▇ Generally, orders granting partial summary judgment may be immediately appealable under either the "involving the merits" or "substantial right" categories of section 14–3–330(1) and (2)(c). *See Link v. Sch. Dist. of Pickens County,* 302 S.C. 1, 6, 393 S.E.2d 176, 178–79 (1990) (holding an order granting partial summary judgment may be appealable under either category). To decide whether a particular summary judgment order fits into either subsection, however, the court must examine the order to determine if it meets the subsection's criteria for appealability. We find the order granting summary judgment that no private cause of action exists under the Mining Act does not meet the criteria for either, and is therefore not immediately appealable.

The Thorntons asserted causes of action for negligence, strict liability, and nuisance. They did not plead a cause of action under the Mining Act. At oral argument, the Thorntons conceded they still have no intention of asserting a cause of action under the Mining Act. SCE & G stated in memoranda addressing appealability that its "motion for summary judgment was limited to the extent the Thorntons might try to assert a claim under the Act." This appeal thus presents the unique situation in which the trial court granted a motion for summary judgment as to a cause of action the Thorntons never pled. The Thorntons did include two violations of the Mining Act as specific allegations of negligence. SCE & G conceded at oral argument that the Thorntons' negligence cause of action, including the subsections referring to the Mining Act, remains in place as it was before the motion was granted.

▇▇▇ We find that this order does not involve the merits under section 14–3–330(1). An order "involves the merits" when it finally determines a substantial matter forming the whole or a part of some cause of action or defense. *Mid–State Distribs., Inc. v. Century Imps., Inc.,* 310 S.C. 330, 334, 426 S.E.2d 777, 780 (1993). The Thorntons may still pursue their negligence claim as originally pled in their complaint. If the trial judge permits it in the exercise of discretion, they may introduce evidence that SCE & G violated the Mining Act and

argue the alleged violations are evidence of negligence. All of this is left to the discretion of the trial judge, just as it would be if the motion had never been filed.

Further, because the Thorntons never asserted a cause of action under the Act, the order does not have the effect of removing any material issues from the case, and therefore does not affect a substantial right by striking a pleading. The Thorntons may still offer evidence of SCE & G's alleged violations of the Act in attempting to prove their negligence claim as pled. Because the order granting summary judgment neither involves the merits nor affects a substantial right, it is not immediately appealable.

### C. Statute of Limitations Cross–Appeal

In the cross-appeal, SCE & G contends the trial judge erred in denying its summary judgment motion as to the statute of limitations. SCE & G further contends the circuit court's order actually granted summary judgment for the Thorntons as to that issue. To the extent the judge merely denied summary judgment, the order is not appealable. *Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) (explaining the denial of summary judgment will not be considered on appeal even in the context of an otherwise proper appeal). The order is also not appealable as having granted summary judgment. As the Thorntons conceded at oral argument, the order does not grant summary judgment on this issue, and the question of whether the Thorntons complied with the statute of limitations remains one the circuit court must answer at trial.

### II. Conclusion

An interlocutory order which is not governed by a specialized appealability statute may not be appealed before the entry of final judgment unless the order fits into one of the categories set forth in section 14–3–330 of the South Carolina Code. The order appealed in this case does not fit into any of the categories, and therefore is not immediately appealable.

**APPEAL DISMISSED.**

HUFF and GEATHERS, JJ., concur.