**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Karl T. Harbath, Respondent,

v.

Stephen Sanders, Bennett-Hall Co., Inc., and Sunbelt Rentals, Inc., Defendants,

Of whom Bennett-Hall Co., Inc. is the Appellant.

Appellate Case No. 2015-002566

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

Unpublished Opinion No. 2017-UP-465
Submitted November 1, 2017 – Filed December 20, 2017

**APPEAL DISMISSED**

Brian Arnold Comer, of Collins & Lacy, PC, of Columbia, for Appellant.

Melissa Garcia Mosier, of McWhirter Bellinger & Associates, PA, of Lexington, both for Respondent.

**PER CURIAM:** Bennett-Hall Co., Inc., appeals a circuit court order granting a motion to strike portions of its amended answer. We dismiss the appeal pursuant

to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 14-3-330(2)(c) (2017) (stating the appellate court "shall review upon appeal . . . [a]n order affecting a substantial right made in an action when such order . . . strikes out an answer or any part thereof or any pleading in any action"); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011) ("[A]n appellate court should look to the effect of an interlocutory order to determine its appealability under section 14-3-330(2)(c)."); *id.* ("An order affects a substantial right by striking a pleading if the order removes a material issue from the case, thereby preventing the issue from being litigated on the merits, and preventing the party from seeking to correct any errors in the order during or after trial."); *id.* ("Whether an order granting a . . . motion to strike is appealable under section 14-3-330(2)(c) depends on the effect of the individual order under the facts and circumstances of the case.").  Bennett-Hall Co., Inc., could litigate the claims raised in its stricken answer in a separate action against Black Box, the third-party general contractor, or appeal the order granting the motion to strike after final judgment in this case.  *See Tatnall v. Gardner*, 350 S.C. 135, 138–39, 564 S.E.2d 377, 379 (Ct. App. 2002) (dismissing the defendant's appeal of an order denying her motions to reconsider and amend her pleadings to assert third-party claims and noting that at the conclusion of the present action, the defendant "may either appeal the trial court's order denying her motion to amend or file a separate, first-party suit against [the third-party defendant]").

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and GEATHERS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.