**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Foods, Inc., Respondent,

v.

Carlees Restaurant, LLC and Ghassan Ashy, Defendants,

Of whom Carlees Restaurant, LLC is the Appellant.

Appellate Case No. 2021-001206

———

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-285
Submitted June 1, 2023 – Filed August 2, 2023

———

**DISMISSED IN PART AND REVERSED IN PART**

———

William Norman Epps, III, of Epps & Epps, LLC, of Anderson, for Appellant.

Cynthia Marie Lover, of Cynthia M. Lover PA, of North Myrtle Beach, for Respondent.

———

**PER CURIAM:** Carlees Restaurant, LLC (Carlees) appeals the trial court's orders (1) striking its answer, (2) issuing a judgment of $21,501.26 against it, and (3) denying its motion to reconsider. On appeal, Carlees argues the trial court should

have allowed it to amend its answer and erred in awarding a judgment to U.S. Foods, Inc. (U.S. Foods) without making any findings as to default or default judgment. We dismiss in part and reverse in part.

1. We hold Carlees's argument regarding the striking of its answer and failure to allow it to amend its answer is not immediately appealable; thus, we dismiss this part of the appeal. *See* S.C. Code Ann. § 14-3-330 (2017) (stating our appellate courts have jurisdiction over "[a]ny intermediate judgment, order[,] or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from"); *id.* (additionally, our appellate courts may review "[a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action"); *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the [circuit] court before the rights of the parties are determined, is interlocutory and not final."); *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005) ("An appeal ordinarily may be pursued only after a party has obtained a final judgment."); *Baldwin Construction Co. v. Graham*, 357 S.C. 227, 230, 592 S.E.2d 146, 147 (2004) (holding that an order denying a motion to file an amended answer was not immediately appealable because the trial court did not rule on the substantive content of the answer and the parties "ha[d] not 'arrived at the end of the road'"); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011) (stating an appellate court must look to the effect of an interlocutory order to determine if the order is immediately appealable under section 14-3-330(2)(c)); *id.* at 302-03, 705 S.E.2d at 478 (stating "the use of the word 'strike' in both Rule 12(f)[, SCRCP] and section 14-3-330(2)(c) does not mean that an order granting a Rule 12(f) motion is automatically immediately appealable"; rather, the court is required to "focus on the effect of the order, not the label given to the motion or to the order granting it" to determine if the order is immediately appealable); *id.* at 304, 705 S.E.2d at 479 ("An order affects a substantial right by striking a pleading if the order removes a material issue from the case, thereby preventing the issue from being litigated on the merits, and preventing the party from seeking to correct any errors in the order during or after trial.").

2.  We hold the trial court erred in awarding U.S. Foods a judgment against Carlees without making any findings regarding default or default judgment; thus, we reverse this part of the trial court's order.  *See Doe v. Howe*, 362 S.C. 212, 216, 607 S.E.2d 354, 356 (Ct. App. 2004) ("'Final judgment' is a term of art referring to the disposition of all the issues in the case."); Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)."); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."); Rule 52(b), SCRCP ("Upon motion of a party made not later than 10 days after receipt of written notice of entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly, and the motion may be made with a timely motion for a new trial.").

**DISMISSED IN PART AND REVERSED IN PART.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.