**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Family Services Inc., as Conservator for Muriel W. Clarkin, Appellant,

v.

Bridget D. Inman, Muriel C. Kennedy, and Patricia Clarkin Smith, Respondents,

and

Bruce A. Berlinsky, Intervenor.

Appellate Case No. 2020-001132

———————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-290
Heard June 8, 2023 – Filed August 9, 2023

———————

**REVERSED IN PART AND REMANDED**

———————

David Conor Keys, of The Law Office of David Conor Keys, LLC, of Charleston, for Appellant.

Michael P. O'Connell, of Stirling & O'Connell, of Mt. Pleasant, for Respondent Bridget D. Inman.

Karen Marie DeJong, of DeJong Law Firm, LLC, of Mt. Pleasant, for Respondent Patricia Clarkin Smith.

Kerry W. Koon, of Charleston, for Respondent Muriel C. Kennedy.

Bruce Alan Berlinsky, Intervenor, pro se.

---

**PER CURIAM:** In this conversion action, Appellant Family Services, Inc., as Conservator for Muriel W. Clarkin (Conservator), appeals the circuit court's order dismissing Respondent Muriel C. Kennedy (Daughter 1) as a defendant, striking two paragraphs from Conservator's amended complaint, granting the motion of Respondent Patricia Clarkin Smith (Daughter 2) to intervene in this action, and denying Conservator's motion for discovery sanctions against Respondent Bridget D. Inman (Granddaughter) and Intervenor Bruce A. Berlinsky. Conservator argues (1) it has standing to assert its claims against Daughter 1 because Clarkin's debt to Wells Fargo Bank, rather than the property mortgaged to secure the debt, is the subject matter of the action; (2) dismissal of Daughter 1 pursuant to Rule 12(b)(6), SCRCP, was improper because the allegations of the amended complaint state valid claims for relief; and (3) striking material from the amended complaint will restrict Conservator from fully presenting its case at trial. We reverse both the dismissal of Daughter 1 and the striking of material from the amended complaint. We decline to address the issues of intervention and discovery sanctions because they are not immediately appealable.

## I.     Motion to Dismiss

The circuit court's Form 4 order granting Daughter 1's motion to dismiss did not include any reasoning or explanation for its ruling. Therefore, we assume the circuit court granted the motion on both grounds asserted by Daughter 1: (1) Conservator has no standing to assert its claims against her and (2) the amended complaint's allegation that Granddaughter offered to convey title to the Goose Creek property to Conservator shows her good faith and, thus, negates the intent necessary for Conservator's causes of action. Conservator argues the circuit court erred by

dismissing Daughter 1 as a defendant because Conservator had standing to assert its claims against Daughter 1 and the amended complaint states valid claims for relief. We will address these grounds in turn.

## A. Standing

"A motion to dismiss for lack of standing challenges the court's subject matter jurisdiction." *S.C. Pub. Int. Found. v. Wilson*, 437 S.C. 334, 340, 878 S.E.2d 891, 894 (2022). "Whether subject matter jurisdiction exists is a question of law, which th[e appellate c]ourt is free to decide with no particular deference to the circuit court." *Id.* In her motion to dismiss, Daughter 1 argued that Conservator does not have standing to claim a return of the funds Clarkin provided to Granddaughter because Clarkin no longer has a legal interest in the Mount Pleasant property securing the HELOC that generated the funds. This argument was based on the assertion that Clarkin conveyed her remaining interest in the Mount Pleasant property to Daughter 2 in 2014.

"A plaintiff must have standing to institute an action." *Mulherin-Howell v. Cobb*, 362 S.C. 588, 597, 608 S.E.2d 587, 592 (Ct. App. 2005). "Standing may be acquired: (1) through the rubric of 'constitutional standing'; (2) under the 'public importance' exception; or (3) by statute." *Freemantle v. Preston*, 398 S.C. 186, 192, 728 S.E.2d 40, 43 (2012) (quoting *ATC South, Inc. v. Charleston County*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008)).

> To possess constitutional standing, first, a party must have suffered an *injury-in-fact* which is a concrete, particularized, and actual or imminent invasion of a legally protected interest. Second, a *causal connection* must exist between the injury and *the challenged conduct*. Finally, it must be likely that a favorable decision will *redress* the injury.

*Youngblood v. S.C. Dep't of Soc. Servs.*, 402 S.C. 311, 317–318, 741 S.E.2d 515, 518 (2013) (emphases added) (citations omitted). In other words, "[t]o have standing, one must have a personal stake in the subject matter of the lawsuit." *Mulherin-Howell*, 362 S.C. at 597, 608 S.E.2d at 592. "One must be a real party in interest." *Id.* "A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action." *Id.* at 597–598, 608 S.E.2d at 592.

Conservator argues that regardless of any security for the HELOC, Granddaughter still owes money to Clarkin pursuant to their alleged loan agreement; Clarkin does not have the use of those funds; and this is the *injury-in-fact* suffered by Conservator, "standing in the shoes of Clarkin." *See Youngblood*, 402 S.C. at 317, 741 S.E.2d at 518 ("To possess constitutional standing, first, a party must have suffered an injury-in-fact which is a concrete, particularized, and actual or imminent invasion of a legally protected interest."). We also note that according to the amended complaint, as of September 2017, Clarkin still owed at least $131,000 to Wells Fargo under the note she executed in 2006, regardless of whether she still had legal title to the security for the HELOC. We agree with Conservator that the money allegedly owed by Granddaughter to Clarkin, rather than the property mortgaged to secure the HELOC, is the "subject matter of the action" for purposes of standing.[1] *See Mulherin-Howell*, 362 S.C. at 597–98, 608 S.E.2d at 592 ("A real party in interest is one who has a real, material, or substantial interest in the subject matter of the action, as opposed to one who has only a nominal or technical interest in the action."). We also agree with Conservator that Granddaughter's transfer of part of the proceeds from the sale of the Goose Creek property to Daughter 1 injured Conservator, assuming Conservator proves at trial the existence of the loan agreement between Clarkin and Granddaughter.

The *challenged conduct* is (1) Granddaughter's and Daughter 1's failure to repay the money allegedly loaned by Clarkin to Granddaughter for the purpose of purchasing the Goose Creek property, and (2) Granddaughter's and Daughter 1's use of the proceeds from the sale of that property for their own benefit rather than for the purpose of repaying Clarkin. There is undoubtedly a *causal connection* between this conduct and Clarkin's loss of the use of not only the sale proceeds but also the remaining funds allegedly owed by Granddaughter to Clarkin to apply toward Clarkin's own obligations. *See Youngblood*, 402 S.C. at 317–318, 741 S.E.2d at 518 ("Second, a causal connection must exist between the injury and the challenged conduct."). Further, a favorable decision on at least one of Conservator's causes of action would result in either a money judgment against at least one of the defendants or an equitable lien against the assets obtained with the sale proceeds. Either a money judgment or a combination of a money judgment and an equitable lien would allow Conservator to ultimately recover the funds necessary to apply toward

---

[1] We are not persuaded by Granddaughter's assertion in her answer that Daughter 2 had been making payments on the HELOC directly to Wells Fargo. First and foremost, an accounting of who owes what to whom is an issue for another day. Further, Granddaughter has not pointed to any documentation in the record that supports this assertion.

Clarkin's own obligations and therefore redress her injury. *See id.* at 318, 741 S.E.2d at 518 ("Finally, it must be likely that a favorable decision will redress the injury.").

Daughter 1 argues the amended complaint does not allege that Conservator has made payments on the HELOC after Clarkin's remaining interest in the Mount Pleasant property was conveyed to Daughter 2. However, it is unnecessary for Conservator to make such an allegation because any failure to make a payment on the HELOC would not extinguish Clarkin's legal obligation to do so or Conservator's responsibility to fulfill that obligation by seeking repayment of the funds Clarkin allegedly loaned to Granddaughter. Daughter 1 also argues that a causal connection between the alleged injury and the challenged conduct of Daughter 1 "cannot possibly be proven as [pled]." Specifically, Daughter 1 maintains that Conservator's "own conduct broke any chain of causation required to confer standing" on Conservator. Conservator responds by pointing out that Daughter 1 is merely asserting a defense and an argument on the merits and that Conservator has pled sufficient allegations of harm caused by Daughter 1's conduct. We agree. *See Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019) ("Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; *it is not a vehicle for addressing the underlying merits of the claim*." (emphasis added)); *id.* at 180, 826 S.E.2d at 588 ("[A]ny plaintiff is . . . entitled to litigate the validity of its original pleading without having to convince the trial court of the merits of its underlying claim."); *id.* ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992))).

Based on the foregoing, to the extent that the circuit court relied on Daughter 1's standing argument in dismissing the complaint against her, it erred in doing so.

**B. Claims**

Daughter 1's motion to dismiss was based, in part, on language in paragraphs 87 and 88 of the Amended Complaint (in Conservator's claim for Equitable Lien) indicating that Granddaughter offered to convey title to the Goose Creek property to Conservator and that Granddaughter thought the Conservator could collect rental income from the Goose Creek property:

> 87.    [Granddaughter] offered to deed the [Goose Creek property] to [Conservator].

88.    [Granddaughter] testified in [her] deposition [that] she offered [to] deed the [Goose Creek property] to [Conservator] for the purpose of "trying to help [Clarkin]." (Inman Depo. Pg. 30, Lines 12-15, Filed 11/12/19). [Granddaughter] went on to state: "So I offered the home. I didn't want it to be a rental, but I thought it would be best if [Conservator] could deed it back—I deed it back to them.  They could then have it as a rental property.  Not they manage it, but have a rental property management, have it as a rental property for [Clarkin], as an asset to her, and use it as income for [Clarkin]." (Inman Depo., Pg 34, Line 11 - Pg 35, Line 5; Filed 11/12/19).

Daughter 1 has argued that these allegations show Granddaughter's good faith in making an "unconditional" offer and, thus, negate the intent necessary for Conservator's equitable causes of action.  Daughter 1 has also argued that Conservator's refusal to accept Granddaughter's offer "negates any equitable justification to claim the proceeds of the sale of the" Goose Creek property.

"An appellate court applies the same standard of review as the trial court when reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP." *Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009).  "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.*

> The question is whether, *in the light most favorable to the plaintiff, and with every doubt resolved in [the plaintiff's] behalf*, the complaint states any valid claim for relief. Dismissal under Rule 12(b)(6) is improper if the facts alleged *and inferences reasonably deducible from them*, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory.  Moreover, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.  The trial court's grant of a motion to dismiss will be sustained only if the facts alleged in the complaint do not support relief under any theory of law.

*Id.* (emphases added) (citations omitted).

Daughter 1's argument concerning the effect that the allegations in paragraphs 87 and 88 have on the remainder of the amended complaint oversimplifies the totality of the circumstances of this case as set forth in the amended complaint as a whole. First, Granddaughter's alleged offer, in and of itself, does not necessarily show her intent to pay the full amount of her alleged obligation to Clarkin or negate the amended complaint's allegations or causes of action that may require a contrary intent.

Further, a reasonable inference from the allegations of the amended complaint as a whole is that Granddaughter intended to avoid repaying the full amount she allegedly borrowed from Clarkin. Paragraph 102 alleges that Granddaughter sold the Goose Creek property "for roughly forty thousand dollars less [than what Granddaughter] purchased the [Goose Creek property] for, and thirty thousand dollars less [than what] was owed upon the HELOC at the time of sale of the [Goose Creek property]." Moreover, one may infer from paragraphs 15, 29, 31, 32, and 100 that Granddaughter consistently made payments on the HELOC beginning in 2008 yet stopped making payments after April 2017 and failed to pay to Conservator the proceeds from the sale of the Goose Creek property, despite the HELOC's principal balance of $131,237.90 in March 2017. This belies Daughter 1's argument that Conservator's amended complaint referenced an offer that was unconditional.

A reasonable inference from the combination of all of the above-referenced allegations is that Granddaughter's offer was conditioned on a forgiveness of the remainder of the alleged debt. *See Cap. City Ins. Co. v. BP Staff, Inc.*, 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App. 2009) ("The question is whether, *in the light most favorable to the plaintiff, and with every doubt resolved in [the plaintiff's] behalf*, the complaint states any valid claim for relief." (emphasis added)). In the light most favorable to Conservator, and with every doubt resolved in favor of Conservator, the amended complaint as a whole reveals the self-serving nature of Granddaughter's offer of title to the Goose Creek property to Conservator. This is consistent with Conservator's equitable causes of action. Therefore, the circuit court erred in dismissing the amended complaint against Daughter 1 on the ground that it showed Granddaughter's good faith. *See Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001) (stating that a motion to dismiss pursuant to Rule 12(b)(6) "will not be sustained if the facts alleged and the inferences *reasonably deducible from* the pleadings would entitle the plaintiff to relief on any theory of the case." (emphasis added)).

As to Daughter 1's argument that Conservator's refusal of Granddaughter's offer negates any equitable justification to claim the Goose Creek property's proceeds, there is no allegation within the four corners of the amended complaint of such a refusal. Even if the refusal may be reasonably inferred from the amended complaint as a whole, second-guessing the judgment of a court-appointed fiduciary for an incapacitated person should not become the basis for dismissing a complaint pursuant to Rule 12(b)(6). "Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; *it is not a vehicle for addressing the underlying merits of the claim*." *Skydive*, 426 S.C. at 180, 826 S.E.2d at 587 (emphasis added).

Further, "any plaintiff is . . . entitled to litigate the validity of its original pleading without having to convince the trial court of the merits of its underlying claim." *Id.* at 180, 826 S.E.2d at 588. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Republican Party of N.C. v. Martin*, 980 F.2d at 952). In any event, it is patently unreasonable to expect a fiduciary to automatically accept real property in lieu of cash on behalf of an incapacitated client to satisfy a debt to the client. Further, the amended complaint's reference to Granddaughter's offer does not indicate (1) the precise value of the Goose Creek property at the time Granddaughter offered to convey it to Conservator; (2) the value of income one could reasonably expect from renting that property at the time Granddaughter offered to convey it to Conservator; or (3) the extent of any liens on the property. Without that information, one reviewing the pleading cannot discern the value of Granddaughter's offer or whether accepting the property might actually worsen Clarkin's financial circumstances.

Finally, to the extent that the circuit court may have treated the motion to dismiss as a summary judgment motion by considering matters outside the amended complaint, the court overlooked the evidence already in the record that (1) Conservator's refusal of Granddaughter's offer was based on the fact that the Goose Creek property was "upside down" and thus title to that property would not benefit Clarkin and would place "the burden of collecting payment and maintaining the property onto [Clarkin]" and (2) Granddaughter's offer of the Goose Creek property's proceeds, which was less than $100,000, was conditioned on Conservator forgiving the remainder of Granddaughter's debt at a time when the HELOC's principal balance was approximately $131,000. Conservator submitted these documents as exhibits to its motion for partial summary judgment, which the circuit court heard in November 2019 and denied in December 2019, approximately seven months before

the circuit court heard Daughter 1's motion to dismiss. Conservator highlighted this evidence during the hearing on Daughter 1's motion to dismiss.

Based on the foregoing, we reverse the circuit court's dismissal of Conservator's amended complaint against Daughter 1.

## II. Motion to Strike[2]

Next, Conservator assigns error to the circuit court's ruling striking the following paragraphs from the amended complaint:

> 90. [Granddaughter] offered to provide [Conservator] the Proceeds of the Sale of [the Goose Creek property], but did not do so.
>
> 91. [Granddaughter] testified in her deposition that she offered [Conservator] the entire proceeds of sale of [the Goose Creek property] stating: "I did make attempts to give that lump sum to them to show my appreciation for the gift." (Inman Depo. Pg. 29, Lines 12-25, Filed 11/12/19)

These paragraphs were within Conservator's Equitable Lien cause of action.

In her motion to strike, Granddaughter argued that paragraphs 90 and 91 were "offers to settle" and "statements made by her in settlement negotiations." Specifically, Granddaughter referenced the notes made by Kelley Evans, the caseworker assigned to Clarkin, from her April 5, 2017 telephone conversation with Granddaughter and Evans's affidavits recounting their April 17, 2017 conversation discussing Granddaughter's offer of the Goose Creek property's proceeds. At the motions hearing, Granddaughter argued that the paragraphs in question violated Rule 408, SCRE,[3] because they alleged that Granddaughter requested to settle

---

[2] "Whether an order granting a Rule 12(f) motion to strike is appealable . . . depends on the effect of the individual order under the facts and circumstances of the case." *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011). The circumstances of this case require us to address the circuit court's ruling granting Granddaughter's motion to strike.

[3] Rule 408 states,

Conservator's claim against her. The circuit court granted the motion to strike in a Form 4 order without explanation.

Initially, we address Granddaughter's argument that this issue is moot because she ultimately answered both paragraphs. "If there is no actual controversy, [an appellate c]ourt will not decide moot or academic questions." *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006). "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [the] existing controversy." *S.C. Coastal Conservation League v. Dominion Energy S.C., Inc.*, 432 S.C. 217, 223–24, 851 S.E.2d 699, 702 (2020) (quoting *Byrd v. Irmo High Sch.*, 321 S.C. 426, 431, 468 S.E.2d 861, 864 (1996)). "This is true when some event occurs making it impossible for the reviewing [c]ourt to grant effectual relief." *Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 603, 567 S.E.2d 514, 517 (Ct. App. 2002) (quoting *Byrd*, 321 S.C. at 431, 468 S.E.2d at 864).

Granddaughter's response to the paragraphs in question does not render the circuit court's ruling striking them moot. Granddaughter filed her answer after Conservator filed a Rule 59(e) motion but before the circuit court ruled on the motion. Granddaughter admitted the allegations in paragraphs 90 and 91, with the only qualification being that Conservator refused Granddaughter's offer of the Goose Creek property's proceeds. The circuit court later denied Conservator's Rule 59(e) motion without explanation, leaving the disputed paragraphs stricken. In *Thornton v. South Carolina Electric & Gas Corporation*, this court described the permanent effect of striking material from a pleading:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

> If the circuit court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleading, and on appeal from the final judgment[,] this court could not say there was error of law in confining the evidence and charge to the pleadings.

391 S.C. at 303–04, 705 S.E.2d at 479 (quoting *Bowden v. Powell*, 194 S.C. 482, 484, 10 S.E.2d 8, 9 (1940)). "An order affects a substantial right by striking a pleading if the order removes a material issue from the case, thereby preventing the issue from being litigated on the merits[] and preventing the party from seeking to correct any errors in the order during or after trial." *Id.* at 304, 705 S.E.2d at 479. Here, although Conservator may encounter an evidentiary challenge at trial upon attempting to prove the allegations in question, Conservator's right to support its claims with these allegations should not be foreclosed at the pleading stage.

Granddaughter's response to paragraphs 90 and 91 makes the circuit court's order striking these paragraphs no less binding on Conservator. Further, we agree with Conservator that the order may restrict Conservator from fully presenting its case at trial. *See Thornton*, 391 S.C. at 303, 705 S.E.2d at 479 ("If the circuit court errs in striking out any material allegations of a good cause of action or good defense, it is impossible to remedy it in the course of the trial, because the evidence and the issues submitted to the jury cannot be extended beyond the issues made by the pleading . . . ." (quoting *Bowden*, 194 S.C. at 484, 10 S.E.2d at 9)). Therefore, this question is not moot.

As to the merits of this question, Granddaughter conceded during oral arguments that it is permissible for the allegations in paragraphs 90 and 91 of the amended complaint to be included in a pleading regardless of whether there may be grounds for excluding any supporting evidence at trial. Further, Granddaughter and Conservator agreed that the circuit court's ruling was not an evidentiary ruling. Granddaughter also acknowledged that she is not prejudiced by the inclusion of paragraphs 90 and 91 in the amended complaint because Rule 43(g), SCRCP, prohibits the submission of pleadings to the jury for its deliberations.

Based on the foregoing, we reverse the circuit court's striking of paragraphs 90 and 91 from the amended complaint.

### III. Intervention

Conservator maintains that the circuit court erred in granting Daughter 2's motion to intervene. We decline to address this issue because an order granting intervention is not immediately appealable. *See Duncan v. Gov't Emps. Ins. Co.*, 331 S.C. 484, 486, 449 S.E.2d 580, 580 (1994) ("[A]n order granting a motion to intervene is not immediately appealable."); *id.* at 485, 449 S.E.2d at 580 (holding that the order did not fall within any of the subsections of S.C. Code Ann. § 14-3-330 controlling appellate jurisdiction).

### IV. Motion for Discovery Sanctions

Conservator argues the circuit court abused its discretion in denying its motion for discovery sanctions. Like the issue of intervention, we decline to address the issue of discovery sanctions because orders addressing discovery sanctions are not immediately appealable. *See Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 121–22 (2008) (declining to address an assignment of error to the circuit court's denial of a request to impose sanctions on a party because the question was not immediately appealable); *id.* at 30, 659 S.E.2d at 122 ("[D]iscovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the appealability statute, involve the merits of the action or affect a substantial right."); *cf. Richardson v. Halcyon Real Est. Servs., LLP*, 439 S.C. 419, 426, 887 S.E.2d 153, 157 (Ct. App. 2023) ("[T]he award of attorney's fees and costs as a Rule 37(b)(2) discovery sanction neither involves the merits of the case nor affects a substantial right and is therefore not immediately appealable.").

### CONCLUSION

Accordingly, we reverse the circuit court's dismissal of the amended complaint against Daughter 1 and its ruling striking material from the amended complaint. We decline to address the issues of intervention and discovery sanctions at this stage in the litigation.

**REVERSED IN PART AND REMANDED.**

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**