**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Emanuel Stikas, Trustee of the Stikas Revocable Living Trust, dated February 1, 2023, d/b/a The Village Shops; Donald W. Reid and Katheryn W. Reid; Elizabeth Gattshall Hawkins Martin; and Tall House Farm, L.P., Appellants,

v.

Georgetown County; David E. Tanner; RCB Land Holdings, LLC; and Magic Oaks, LLC, Respondents,

AND

Magic Oaks, LLC, Third Party Plaintiff,

v.

Keep It Green, Inc., Third Party Defendant.

Appellate Case No. 2025-000066

———————

Appeal From Georgetown County
David P. Caraker, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-279
Submitted February 24, 2026 – Filed June 10, 2026

———————

**DISMISSED**

———————

F. Patrick Hubbard, of Columbia, and Cynthia Ranck Person, of Pawleys Island, for Appellants.

David B. Miller and Zachary James Crowl, both of Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A., of Myrtle Beach, for Respondents RCB Land Holdings, LLC, and Magic Oaks, LLC; H. Thomas Morgan, Jr., of Smith Robinson Holler DuBose Morgan, LLC, of Camden, and Sydney Jean Douglas, of Smith Robinson Holler DuBose Morgan, LLC, of Columbia, for Respondent Georgetown County; and Daniel W. Stacy, Jr., of Pawleys Island, for Respondent David E. Tanner.

---

**PER CURIAM:** Emanuel Stikas, Trustee of the Stikas Revocable Living Trust, dated February 1, 2023, d/b/a The Village Shops, Donald W. Reid and Katheryn W. Reid, Elizabeth Gattshall Hawkins Martin, and Tall House Farm, L.P. (Appellants) appeal the circuit court's order striking factual allegations regarding a public kayak launch from their complaint. Respondents RBC Land Holdings, LLC, and Magic Oaks, LLC (collectively, Magic Oaks) moved to dismiss the appeal, arguing the circuit court's order was interlocutory and unappealable. Appellants maintain the order involves the merits of the case and has the effect of striking out one of their causes of action in which they allege the passing of two ordinances, Georgetown County Ordinances 24-05 and -06, was invalid because it did not comply with section 6-29-760(A) of the South Carolina Local Government Comprehensive Planning and Enabling Act of 1994.[1] They maintain this renders the order immediately appealable. We disagree and dismiss the appeal.[2]

---

[1] S.C. Code Ann. § 6-29-110 to -1640 et seq. (2004 & Supp. 2025).

[2] Magic Oaks' motion to dismiss the appeal as interlocutory was initially denied without prejudice by the order of one judge of this court. As provided in that order, Magic Oaks renewed the motion to dismiss in its appellate brief. Magic Oaks filed a second motion to dismiss with this court in which they argue the passage of recent ordinances nullify Ordinances 24-05 and -06, rendering this matter moot. Because our disposition of the renewed motion to dismiss is dispositive of this appeal, we decline to address the arguments raised by Magic Oaks' second motion to dismiss. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining the "appellate

"An appeal ordinarily may be pursued only after a party has obtained a final judgment." *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005). "Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final." *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005). In some instances, an otherwise interlocutory order may be immediately appealable. An appellate court may review an intermediate order "involving the merits" of the case or "[a]n order affecting a substantial right" when the order "in effect determines the action . . . [or] strikes out an answer or any part thereof or any pleading . . . ." S.C. Code Ann. § 14-3-330(1) and (2)(a)&(c). "[T]he question of whether an order is immediately appealable is determined on a case-by-case basis." *Stone v. Thompson*, 426 S.C. 291, 295, 826 S.E.2d 868, 870 (2019). "Whether an order granting a Rule 12(f) motion to strike is appealable . . . depends on the effect of the individual order under the facts and circumstances of the case." *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011).

Section 6-29-760(A) provides in part: "No change in or departure from the text or maps as recommended by the local planning commission may be made pursuant to the hearing unless the change or departure be first submitted to the planning commission for review and recommendation." In their complaint, Appellants allege that after the initial approval of Magic Oaks' development plan by the Georgetown County Planning Commission (the Planning Commission), Magic Oaks altered the development plan by changing a proposed kayak launch from private to public and by modifying sidewalks and drainage easements. They contend the failure to resubmit the development plan to the Planning Commission violated section 6-29-670(A), rendering Georgetown County Council's (County Council's) passage of the subject ordinances invalid and ultra vires. Respondents moved to strike the factual allegations regarding the kayak launch from Appellants' complaint based on subsequent events they claim eliminated the amendment to the kayak launch and returned it to the original private status.

Striking the factual allegations regarding the kayak launch does not affect the merits of Appellants' claims and does not have the effect of striking Appellants' pleading that passage of the ordinances violated section 6-29-670(A). Other factual claims regarding modifications between the time of the Planning Commission's approval of the development plan and County Council's approval of

court need not address remaining issue when disposition or prior issue is dispositive").

Ordinances 24-05 and -06 are still alleged.  Therefore, the circuit court's order is interlocutory and unappealable.

Accordingly, Appellants' appeal is

**DISMISSED.**[3]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.